KANNER, Judge.
Osceola Fruit Distributors, petitioner, with its main office in Kissimmee, Florida, holds a citrus fruit dealer’s license and certificate of registration for the operation of a packing house, canning plant or concentrating plant, issued under the provisions of the Florida Citrus Code, Chapter 601, Florida Statutes, F.S.A. Through certiorari, the petitioner seeks review of an order rendered by the circuit court of Osceola County in a certiorari proceeding wherein was. reviewed proceedings had before the Commissioner of Agriculture of the State of Florida. The commissioner had entered an¡ order suspending the certificate of registration and the citrus fruit dealer’s license of petitioner for a period of fourteen days. The order of suspension was issued subsequent to a hearing under a five count complaint filed by the commission. The circuit-court reversed and overruled the commissioner as to counts one, two, and five, sustained him as to counts three and four, quashed the suspension order, and re *761 manded the case to the commission for entry of an order as applied to counts three and four of the complaint.
Counts three and four read, respectively, as follows:

“Count 3

“That said Osceola Fruit Distributors, on or about October 20, 1958, violated Section 601.48, Florida Statutes {F.S.A.], and Regulation #19, Section One, Subsection c, of the Rules and Regulations of the Florida Citrus Commission, by adding or placing a substance, towit: water soluble coal tar ■dye, in certain blended orange and grapefruit juice then and there being processed and offered for sale or shipment, and being prepared for sale or shipment, the effect and purpose of ■such additive being to improperly ■change the color of said blended citrus product.

“Count 4

■“That said Osceola Fruit Distributors, on or about October 20, 1958, violated, or aided or abetted in the violation of, Section 601.33, Florida Statutes [F.S.A.], by obstructing, hindering, resisting, interfering with, or attempting to obstruct, hinder, resist or interfere with, an authorized inspector under the Florida Citrus Code, in the discharge of the duty imposed upon and required of him by said Code and the Rules and Regulations of the Florida Citrus Commission, by adding a water soluble coal tar dye in certain blended •orange and grapefruit juice, for purpose of changing the usual or ordinary •color thereof, which said blended citrus product was then and there being processed and offered for sale or shipment, or being prepared for sale or shipment.”
The two questions under which the petitioner seeks review by this court are (1) whether, under the Florida Citrus Code and the applicable regulations adopted thereunder, the supplying of an additive color to blended orange and grapefruit juice constitutes a basis for suspension of a citrus fruit dealer’s license and plant certificate of registration, and (2) whether there was competent substantial evidence upon which the commissioner of agriculture could find that the petitioner had added coloring to a canned blend of orange and grapefruit juice.
As a basic premise, it may be here stated that a certiorari proceeding is restricted in scope. A reviewing court cannot reweigh or revaluate the evidence but can only examine the record to determine whether the lower tribunal or agency had before it competent substantial evidence to support its findings and judgment, and such findings and judgment must be in accord with the essential requirements of law. De Groot v. Sheffield, Fla.1957, 95 So.2d 912, and Townsend Fruit Company v. Mayo, Fla.App.1957, 98 So.2d 345.
The commissioner of agriculture is vested with supervision, direction, and control of the inspection of citrus fruit and products, the certification of grades, and the enforcement of all the provisions of the Florida Citrus Code. Section 601.27, Florida Statutes, F.S.A. He is empowered, after notice and hearing, to revoke or suspend the license of a citrus fruit dealer if he is satisfied that such dealer has violated any of the provisions of the Florida Citrus Code. Section 601.67, Florida Statutes, F. S.A. Fie may instigate and make investigation when he has reason to believe a citrus fruit dealer has violated any law applicable to such a dealer. Section 601.68, Florida Statutes, F.S.A.
It is necessary to review the major statutory and regulatory provisions under which counts three and four were sustained by the circuit court. Section 601.48, Florida Statutes, F.S.A., insofar as it applies, provides for the grading of canned or concentrated *762 citrus fruit products according to the standards established from time to time by the Florida Citrus Commission.[1] Regulation 19, Section One, subsection c, Rules and Regulations of the Florida Citrus Commission, provides that Florida State Grades of canned blend of orange and grapefruit juice shall be identical with those prescribed by the United States Department of Agriculture, that such canned blend shall also possess the minimum qualities stipulated, and that the product must be labeled “Substandard” if it does not fulfill the requirements of section 601.0106, Florida Statutes, F.S.A.[2] Section 601.33 makes it unlawful for any person to interfere with any authorized inspector in the discharge of any duty required of him by the provisions of law or by any regulation prescribed by the commission or the commissioner.[3] Section 601.03(1), Florida Statutes, F.S.A., defines an “additive.”[4] Section 601.0106 provides standards and labelling requirements applicable to canned blended juice.[5]
*763 Dealing with petitioner’s first question as to whether the addition of color to blended orange and grapefruit juice constitutes a basis for suspension of its dealer’s license and plant certificate of registration, we emphasize that section 601.48 requires canned products of citrus fruit to be graded according to standards established by the Florida Citrus Commission. Testimony given at the hearing by a federal employee, area supervisor of processed food inspection for the Agricultural Marketing Service, shows that the color of canned juices is an important consideration in grading under United States standards adopted by the commission. He stated that on the basis of one hundred points, “you have a set number of points that you score juices for flavor; a set number for color, and whether or not there are defects present.” He further testified that the total score accorded the juice indicates its grade and that the richer or redder colors are “better” and are “top scoring colors.”
Since it is apparent that the color of blended orange and grapefruit juice is a basic attribute for grading the product under methods adopted by the commission through authority of the Florida Citrus Code, it would be contradictory and illogical to hold that application of a color additive to such juices is not precluded under the Florida Citrus Code and the rules and regulations adopted pursuant thereto by the Florida Citrus Commission. If a processor through addition of a dye could achieve for the product an artificial color, he could achieve such a hue desired so as to gain for his product the highest number of points allowed for color, and consequently the regulations for grading as they apply to color would be rendered meaningless and futile. Palpably, such a result is not contemplated, and the addition of dye to blended orange and grapefruit juice so as to attain a higher grade or score as to color constitutes a violation sufficient to warrant a suspension by the commissioner of agriculture.
Petitioner’s second question inquiring whether the circuit judge had before him competent substantial evidence to support the commissioner’s findings under counts three and four does not require a detailed analysis of the evidence by this court. We shall not therefore recount the testimony showing the circumstances through which certain witnesses suspected the addition of color in the product and through which it was established by chemical analysis that this color additive was a water soluble coal tar dye. The petitioner, through counsel, conceded at the hearing that “the product which was coded A 20 BS had color added to it.” Testimony showed that the indicated code number A 20 BS was the one under which petitioner was processing the product in which the dye was found, and that it had been used and was being used to identify blended and sweetened orange and grapefruit juice, although under the grading regulations no additive color could be supplied. It was shown that the inspector throughout the morning of his inspection had graded the product so coded as blended orange and grapefruit juice and that the plant manager had seen the score sheet on which the inspector was so grading the product and had not indicated it was wrong.
Certain conflicting evidence urged by the petitioner to the effect that the product actually was an orange and grapefruit drink to which color could be added, as opposed to blended juice to which color could not be added, and to the effect that the code number had been changed, does not consti *764 tute' such matter as to materially affect the determination of this certiorari proceeding.
There was ample competent substantial evidence to support the findings and the judgment. Therefore, the petition for writ of certiorari is denied.
ALLEN, C. J., and SHANNON, J., concur.

. Section 601.48. “Grading of canned or concentrated citrus fruit products. All canned or concentrated products of citrus fruit except as provided in § 601.50, sold, or offered for sale, or offered for shipment shall be graded according to the standards established from time to time by the commission, or at the option of the shipper according to the standards as now fixed by the United States department of agriculture, or as such standards may be hereafter modified or changed, and the immediate containers of such canned or concentrated products shall have the grade stated thereon in such manner as the commission may prescribe by rule or regulation, but, provided, however, that if such canned or concentrated products shall meet the requirements of the two highest grades according to the standards established from time to time by the commission, or at the option of the shipper the two highest grades according to the standards as fixed by the United States department of agriculture, or as such standards may be hereafter modified or changed, the shipper shall have the privilege of using either labels, brands or trademarks which shall represent such state grades or United States grades and be registered with the commission in lieu of stating the grade on the immediate container and the commission shall receive and file for record such labels, brands or trademarks.”

. Regulation 19, Section One, subsection c. “Canned Blend of Orange and Grapefruit Juice: Florida State Grades shall be identical with those adopted by the United States Department of Agriculture as U. S. Grades, effective October 19, 1954; provided, however, that canned blend of orange and grapefruit juice shall also possess the minimum qualities stipulated in items (1) through (5) of Section 601.0106, Florida Statutes, as Amended (Citrus Code), and shall also be composed of not less than fifty (50) percent orange juice. Canned blend of orange and grapefruit juice which does not meet the requirements of Section 601.0106, Florida Statutes, as Amended, (Citrus Code), must be labeled ‘Substandard’.”

. Section 601.33. “Same; interference. It is unlawful for any person to obstruct, hinder, resist, interfere with, or attempt to obstruct, hinder, resist, or interfere with any authorized inspector in the discharge of any duty imposed upon or required of him by the provisions of law or by any rule or regulation prescribed by the commission or the commissioner, or to change or attempt to change any instrument, substance, article or fluid used by such inspector or emergency inspector in making tests of citrus fruit.”

. Section 601.03(1). “‘Additive’ means any foreign substance which, when added to any citrus fruit juice, will change the amount of total soluble solids or anhydrous citric acid therein, or the color or taste thereof, or act as an artificial preservative thereof; * * *”

. Section 601.0106. “Canned blended juice; standards; labeling. No canned blend of orange and grapefruit juice shall be sold or offered for sale or shipped or offered for shipment which: (1) Is prepared from mixed raw juice of oranges and grapefruit containing before the addition of any additive less than eight percent total soluble solids; or (2) When canned, contains less than nine and five-tenths percent total soluble solids; or (3) Has a ratio of total soluble solids to anhydrous citric acid of less than eight to one; or (4) Contains less than 0.65 percent or more than 1.80 percent anhydrous citric acid; or (5) Contains more than 0.040 percent recoverable oil; or (6) Contains when mixed and before canning *763 more or less than the percentage of orange juice determined by rule or regulation of the commission required to be contained therein, and does not meet requirements to be established by the commission regarding color, absence of defects, taste and flavor; unless the inl-mediate container thereof shall be labeled in accordance 'with regulations of the commission, and there shall appear on such label the word ‘substandard’ in bold type not less than one-fourth inch high printed or stamped diagonally thereon.”