175 So.2d 583 (1965)
Von D. MIZELL, Petitioner,
v.
NORTH BROWARD HOSPITAL DISTRICT, and Hugh Stillman, Robert M. Curtis, Ralph A. Hauser, George Scieigert, Roger Rose, Hamilton Forman and James Dean, jointly and severally, as the Board of Commissioners of North Broward Hospital District, Respondents.
No. 5837.
District Court of Appeal of Florida. Second District.
May 24, 1965.
Alcee L. Hastings, of Allen & Hastings, Fort Lauderdale, for petitioner.
Michael K. Davis, of Watson, Hubert & Sousley, Fort Lauderdale, for respondents.
SHANNON, Judge.
Petitioner-complainant originally sought review of an administrative hearing in the circuit court by writ of certiorari. After his petition was dismissed by that court he sought similar relief here. The issue raised is whether there was substantial evidence supporting the North Broward Hospital District's Board of Commissioners *584 suspension of petitioner's surgical privileges in the hospitals within their jurisdiction.
The petitioner is a medical doctor licensed to practice in Florida. The respondent is a special tax district of the State of Florida, existing under Ch. 27438, Special Acts, Laws of Florida 1951. Pursuant to that legislative authority, respondent owns and operates certain hospitals within its geographical boundaries, which at the time this controversy arose were Broward General Hospital, Provident Hospital and North District Hospital. Petitioner was a member of the staff of Provident Hospital which was subsequently closed and its staff transferred to Broward Hospital. In view of that fact, we are only concerned with petitioner's right to practice surgery in Broward Hospital and our discussion will be restricted accordingly, although the order of suspension specified "all District Hospitals."
Not every member of the hospital's medical staff is allowed to practice surgery. Surgical privileges in varying degree are granted only to those who demonstrate special training and experience in the field of surgery. The petitioner had previously qualified under the rules of Provident Hospital to practice general (unlimited) surgery. The continuation of such privileges, and indeed staff membership itself, was subject to the annual review and re-approval by the board of commissioners of the respondent district. On July 19, 1961, the memberships and privileges of all members of the medical staff were submitted to the board of commissioners of the respondent district for annual review and re-appointment. Concurrent with the request for re-appointment to membership and privileges the board of commissioners received a report from the district pathologist indicating that an unreasonably high percentage of normal tissue was removed in appendectomies performed by the petitioner. Pursuant to this report, the board of commissioners refused to renew the petitioner's surgical privileges, and so advised the petitioner. The petitioner then filed this action in the circuit court, seeking, among other relief, an order delaying further administrative action by the board of commissioners. The board was temporarily enjoined in order that the petitioner might have an opportunity to prepare for an administrative hearing concerning the suspension of these privileges. Subsequently a hearing was held by the board of commissioners during which the petitioner was given an opportunity to cross-examine witnesses and introduce evidence in his own behalf. Following the hearing the board made findings of fact, pursuant to which the earlier action suspending petitioner's surgical privileges in the district's hospitals was affirmed.
In addition to challenging the sufficiency of the board's findings, the petitioner had attempted to have the lower court declare unconstitutional portions of the special legislative act creating the respondent districts. The circuit court held the act unconstitutional, but the Florida Supreme Court reversed that holding, saying, in part:
"The decree is reversed and the cause remanded for disposition of the independent issues raised below as to sufficiency of procedural due process accorded by the board's rules and actions, and as to proof of facts reasonably requiring suspension in the interest of patient health and welfare."
On remand, the lower court determined that the action was improperly brought in chancery and transferred it to the law side for further proceedings as a writ of certiorari. The record of the hearing was reviewed by the court, which then issued a final order dismissing the writ. From this order petitioner applies to us for certiorari.
Since the Supreme Court in the case of North Broward Hospital District v. Mizell, Fla. 1962, 148 So.2d 1, has decided that the *585 legislative act under which this case was proceeding was valid, we have only to decide whether the board had before it competent, substantial evidence to support its findings and judgment, which must accord with the essential requirements of the law. De Groot v. Sheffield, Fla. 1957, 95 So.2d 912.
Petitioner's attack centers around two main points, which are: (1) that the original summary proceeding suspending his surgical privileges was a denial of procedural due process; and (2) there was not sufficient competent evidence before the board to justify its finding that the original suspension should be affirmed.
In considering the first point, we notice that: (a) the issue came before the board of commissioners as a part of annual approval for medical staff membership and privileges for the coming year; (b) in reaching a determination upon this issue the board of commissioners had before it a request for staff approval from Provident Hospital and a report from the district pathologist indicating that three physicians requesting re-appointment had far exceeded the reasonable limits of normal tissue removal; (c) the board of commissioners suspended any further surgical privileges by these three physicians, but at the same time offered to them, privately and without notoriety, the reasons for the action and offered to them a future hearing before the board of commissioners if they so desired; and (d) the board provided a month's time period for the doctors concerned to conclude their pending surgical practice and to avail themselves of this opportunity for a hearing before their suspension would be effective.
A physician's use of a public hospital has been held by the courts of the State of Florida to be a privilege rather than a right, and to be less strictly protected by the provisions of due process than that of an unqualified right. See Bryant v. City of Lakeland, 1946, 158 Fla. 151, 28 So.2d 106. This physician either knew or should have known the standards which his profession required of his practice within the limits of the district. It is within every reasonable application of due process that summary proceedings be available to protect the hospital and its patients whenever it shall appear from evidence of almost precise mathematical certainty these standards are being negligently or wilfully violated. Cf. Jones v. Kirkman, Fla. 1962, 138 So.2d 513; Larson v. Warren, Fla. 1961, 132 So.2d 177; and Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740.
The sequence of events in which suspension preceded hearing does not, in itself, violate due process when other procedural standards are satisfied. This is especially true when countervailing interests of the protection of hospital patients are considered. See Bryant v. City of Lakeland, supra, cf. Larson v. Warren, supra.
In considering petitioner's second point regarding the hearing itself, we have examined the record and found substantial evidence supporting the board's findings of fact. Included in the evidence presented was testimony of the district pathologist, testimony of a practicing surgeon, and a case by case analysis of the medical reports on patients having normal tissue removed by petitioner. The witnesses testified that post-operative microscopic examination of removed appendixes is the method used to confirm a preliminary diagnosis of acute appendicitis. They further testified that when other symptoms are present, the diagnosis of appendicitis is not fairly chargeable against a surgeon, and for that reason considerable leeway, up to thirty-five per cent, of mistaken diagnosis is allowed. Examination of tissue removed from petitioner's patients indicated mistaken diagnosis in seventy per cent of his appendectomies, which figure far exceeded normal allowable limitations. In light of this testimony, we are convinced that there was competent substantial evidence before the *586 board which supported its findings of fact. In petitions for certiorari, this is the limit of a court's power of review. Osceola Fruit Distributors v. Mayo, Fla.App. 1959, 115 So.2d 760. Where findings of fact by an administrative agency are supported by the evidence, the court cannot substitute its own findings. Great Southern Trucking Co. v. Mack, Fla. 1951, 54 So.2d 153, and 1 Fla.Jur., Administrative Law, Sec. 192.
We are also convinced that the procedural requirements of due process regarding the conduct of the hearing were met. Petitioner was accorded adequate notice and availed himself of the opportunity to cross-examine witnesses and present evidence in his own behalf. See Bryant v. City of Lakeland, supra.
We have thoroughly considered the record in this case and have no hesitation in saying that the evidence goes far beyond the substantial evidence rule by which we are bound in a petition for certiorari.
Certiorari is denied.
ALLEN, Acting C.J., and WHITE, J., concur.