SHANNON, Judge.
Petitioner John T. Cash seeks a writ of certiorari against the respondent, Florida Real Estate Commission. The Commission suspended for six months petitioner’s registration as a real estate salesman after finding him guilty of fraud and dishonest dealings in a business transaction and also guilty of a dishonest course of conduct. We are asked to review the proceedings to determine if there was competent substantial evidence to support the Commission’s findings.
This litigation stems from charges filed with the Commission alleging that Petitioner John Cash and his brother, Kelsey Cash, (who is not a party to these proceedings) conspired with each other and Mary L. White, Dorothy M. Hunker and Robert Spraker and their spouses to defraud Orange County of real property taxes for 1961. The fraud was supposedly accomplished by the Cash brothers procuring the Whites, Hunkers and Sprakers to file applications for homestead tax exemptions as though they were owners when they were actually tenants occupying property owned by Cash Brothers, Inc.
The Commission appointed an examiner who heard testimony and reported his findings of fact and conclusions of law along with a recommended order to the Commission. The examiner found that John Cash, the petitioner here, was personally present and participated in at least one of the transactions, that involving the White family. He recommended that both John Cash and his brother, Kelsey Cash, be found guilty of fraud and dishonest dealings in violation of Fla.Stat., Sec. 475.25(1) (a), F.S.A., and also guilty of a dishonest course of conduct in violation of Fla.Stat., Sec. 475.25(3), F.S.A. The Commission adopted the examiner’s recommendations and suspended petitioner’s registration as a salesman for six months.
*519 In reviewing the evidence on which the examiner’s findings were based, we preliminarily observe that: (1) Although the charges filed with the Commission were against both John and Kelsey Cash, only John Cash is before the court in this action. (2) The examiner found that John Cash was personally present and participated in at least one of the transactions, involving the White family, although evidence of transactions between Kelsey Cash and other families was also presented. (3) There was no evidence before the examiner that John Cash actually participated or was involved in any transactions other than those involving the Whites. Therefore, we are primarily concerned with whether the evidence relative to transactions between John Cash and the Whites was sufficient to support a finding of fraud and dishonest dealings.
There was evidence that the Cash brothers placed the Whites in occupancy of residential property in September, 1960, on a month to month basis, for which the Whites were to pay Cash Brothers, Inc., $125.00 per month. There was also an understanding between the parties that the Whites would be allowed to purchase the property at a later date if they desired. The Whites agreed to purchase, and on December 28, 1960, a deed from George and Durlene Drake as grantors was given to the Whites by John Cash. This deed was subsequently recorded. When the Whites received this deed they in turn executed a deed to the same property but left blank the name of the grantee and the date. This second deed was given to the Cash brothers but never recorded. Mr. White testified that the blank deed which he and his wife executed was given as security for a down payment on the purchase price, which was to be made to the Cash brothers at some future time. Mr. White was then asked, "Did either of the Cash brothers request you to file this application for Homestead Exemption with the county, or both?” To which he replied, "No.” In response to the question whether there was any conversation between him and either of the Cash brothers in reference to filing a homestead exemption claim, Mr. White said, “I don’t recall what Cash Brother said what at that particular time, but there was a reminder since I was the owner of the property that I was entitled to Homestead Exemption.” (Emphasis added). Mr. White further testified that at the time of the hearing he still owned the property in question, although he had ceased to occupy it as his residence since the early part of 1961.
Similarly, Mrs. White was asked whether either of the Cash brothers requested that she file a homestead exemption claim, and she replied, “No, they didn’t ask us to, we were new in the State and we were not aware — we had never had any experience, with homestead exemption and they told us we could do this.”
This comprises virtually all of the testimony taken during the entire hearing which relates to the activities of John Cash. While the record as a whole raises some suspicion, we fail to find sufficient evidence to support the finding that John Cash was engaged in fraudulent activities. The dealings with the Hunkers and Sprakers were apparently conducted by Kelsey and not John Cash. True, the two brothers were officers of Cash Brothers, Inc., which was intimately involved in all of the transactions, but there was no evidence presented linking John Cash with falsely “procuring” persons to file homestead exemptions. Conversely, the testimony of the Whites strongly supports the inference that title had passed to them, and that the blank deed they executed was a security instrument. Moreover, the Cash brothers’ “reminder” to the Whites that they could file homestead exemption falls short of substantiating the alleged “procurement.”
We are well aware of the limitations placed on the scope of appellate review in petitions for certiorari. See Mizell v. North Broward Hospital District, Fla.App. 2 1965, 175 So.2d 583. [Opinion filed *520 May 24, 1965, Case No. 5837]. While also recognizing the undeniably broad discretion of administrative agencies such as the Real Estate Commission, we are unable to accede to decisions based on a record which is as devoid of evidence as the one before us. See Ringo v. Owens, Fla.1951, 54 So.2d 366.
Accordingly, the petition for writ of certiorari is granted and those portions of the order of the Florida Real Estate Commission adjudging petitioner guilty of violating any provisions of the Florida statutes and suspending his registration are quashed.
ALLEN, Acting C. J., and ANDREWS, J., concur.