Von D. MIZELL, Appellant,

v.

**NORTH BROWARD HOSPITAL DISTRICT et al., Appellees.**

No. 25132.

United States Court of Appeals
Fifth Circuit.

March 27, 1968.

Montague Rosenberg, Fort Lauderdale, Fla., for appellant.

Frank D. Reeves, Washington, D. C., amicus curiae.

Michael K. Davis, Fort Lauderdale, Fla., Woodrow M. Melvin, Jr., James E. Glass, Miami, Fla., James J. Linus, Fort Lauderdale, Fla., for appellees.

Before BROWN, Chief Judge, CLAYTON, Circuit Judge and McRAE, District Judge.

PER CURIAM:

This case is a continuation of a controversy that has raged for years in the state courts of Florida.[1] Shifting the battleground to the federal courts, Appellant Mizell filed a complaint in the District Court under the Civil Rights Act of 1871, 42 U.S.C.A. §§ 1981, 1985, 28 U.S.C.A. §§ 1343(3), 1343(4), alleging a violation of his constitutional rights by defendant Hospital District and certain doctors in Broward County who practiced at the hospital when Appellant's surgical privileges were suspended in 1961 and reinstatement was denied when formally sought in 1966. The Trial Judge dismissed the complaint for failure to state a claim upon which relief could be granted. F.R.Civ.P. 12(b).

1. See Mizell v. North Broward Hosp. Dist., Fla.Ct.App., 1965, 175 So.2d 583; North Broward Hosp. Dist. v. Mizell, Fla., 1962, 148 So.2d 1.

2. "[A] complaint should not be dismissed for failure to state a claim unless it

 Testing the allegations in the complaint under the rule of Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80;[2] Barber v. Motor Vessel "Blue Cat," 5 Cir., 1967, 372 F.2d 626; and Bobby Jones Garden Apartments, Inc. v. Suleski, 5 Cir., 1968, 391 F.2d 172, we hold that the dismissal cannot be sustained. Thus it becomes unnecessary to discuss further either the claims (1961, 1966 or any or all of either or both) or the validity of myriad defenses raised by the defendants, such as res judicata and collateral estoppel. As to none of these do we suggest even the slightest whisper of a possible opinion or a prejudgment. These matters are for the initial consideration of the Trial Judge. See Shelkofsky v. Broughton, 5 Cir., 1968, 388 F.2d 977 and the numerous cases cited therein.

Reversed and remanded.

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.