McCAIN, Judge.
Petitioner seeks certiorari to review a final order of the Florida Real Estate Commission suspending for six months his registration as a broker for an alleged violation of Section 475.42(1) (g), F.S. 1967, F.S.A.[1] He primarily contests the sufficiency of the evidence against him and we agree.
Events precipitating this cause centered around petitioner’s reluctance to execute an affidavit of apprenticeship in behalf of a former salesman. This affidavit of qualified ability and integrity was required by the respondent commission when the salesman applied for a broker registration.[2] Essentially, the evidence shows that upon termination of the salesman’s business relationship with him, petitioner would have furnished the affidavit. However, later events over listings resulted in the two becoming at odds. Complaints were filed against each and a lawsuit was instituted by the salesman against petitioner. Upon inquiry, petitioner submitted to the commission an unsatisfactory reference and refused to execute the affidavit. Subsequently the complaint against the salesman was disposed of without action. Petitioner was also advised the salesman had made an “A” on his broker’s extension course examination. Upon recommendation of numerous people, petitioner executed the affidavit, agreeing to deliver it to the salesman for use conditioned upon being released from the lawsuit. By devious means, the salesman obtained a photocopy of the affidavit and delivered it to the commission which rejected it as not acceptable. Upon learning of the salesman’s attempted use of the photocopy, petitioner refused to deliver the original and was thereafter charged by the commission with making a false affidavit in the following language: “at the time of execut *443 ing the said affidavit, the defendant Bailey knew that said affidavit was false and knew the said defendant Wiese was not qualified to be a real estate broker.” The commission’s hearing examiner recommended an adjudication of not guilty but the commission adjudged otherwise.
The essential elements necessary to prove a violation of Section 475.42(1) (g), F.S.1967, F.S.A., are (1) that an affidavit was made, (2) that it was intended for use as evidence by the Florida Real Estate Commission, and (3) that the affiant knew at the time of its execution that it was false.
The commission’s administrative findings must be supported by evidence. Otherwise they are arbitrary. The question of whether the evidence sustains an administrative determination is one of law,[3] the sufficiency of which is subject to review.[4]
Our review shows the petitioner never submitted the affidavit to the commission. The original was not introduced into evidence. Instead a photocopy was used. Under these circumstances serious doubt is cast upon the proof of the first two elements, but, assuming arguendo the evidence is sufficient to support these two, it is insufficient on the third element.
The copy of the affidavit expresses only an opinion as to the salesman’s qualifications, ability and integrity. (Emphasis added.) Both the circumstantial and direct evidence fail to support any finding that petitioner knowingly and falsely swore. Instead it explains the basis of the changes in his opinion. The evidence does not establish that the petitioner stated one opinion while holding another or that his opinion when making the affidavit was not a good faith one.[5]
For the foregoing reasons certiorari is granted and the Florida Real Estate Commission’s final order is quashed with instructions to enter a dismissal of the stated charges against petitioner.
WALDEN, C. J., and REED, J., concur.

. F.S. 475.42 F.S.A. Violations and penalties.—
“(1) Violations.—

“(g) No person shall make any false affidavit or affirmation intended for use as evidence by or before the commission* * *."

. F.S. 475.17(3), F.S.A.

. 1 Fla.Jur., Admin.Law, § 191.

. Ringo v. Owens, Fla.1951, 54 So.2d 366; Curry v. Shields, Fla.1952, 61 So.2d 326; Cash v. Fla. Real Estate Comm., Fla.App.1965, 176 So.2d 518.

.See 70 O.J.S. Perjury § 17 and annotations therein on perjury and false swearing.