Zella Mae **GRAHAM**, etc., Plaintiff-Appellant,

v.

Robert R. **COLE**, etc., et al., Defendants-Appellees.

No. 73–1309

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Douglas R. Larson, Ed J. Polk, Dallas, Tex., Warren Burnett, Odessa, Tex., Edward W. Dunbar, Dallas Legal Services Federation, Inc., Dallas, Tex., for plaintiff-appellant.

Lonny F. Zwiener, Asst. Atty. Gen. of Texas, Austin, Tex., Earl Luna, Robert W. Porter, Gerald Weatherly, Asst. Dist. Atty. of Dallas County, Frank L. Skillern, Jr., Richard J. Corbitt, III, Dallas, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Having reviewed the record in this case we find that at least one defendant, District Attorney Wade of Dallas County, still has pending against him in the District Court so much of the lawsuit as seeks declaratory and injunctive relief. No certificate under F.R.Civ.P. 54(b) has been or could properly have been made on this record which is sparse and fails to provide a factual basis for the Court's findings, there being neither testimony nor affidavits present.

While the complaint is dismissed with respect to all relief sought as to defendant Sheriff Jones, this is a multi-count, multi-party complaint and under Rule 54(b) unless the court enters the certificate there is no appealable order. In the absence of such a certificate, which for the reasons pointed out above would be administratively inappropriate in this vague case, no order is a final and appealable order. Hence, as to all the appeal must be dismissed. We reiterate our frequent warning that "reversal does not necessarily foreshadow a trial, partial or full blown. That depends on the facts as developed and tested, not what the lawyers say they are in opposing affidavits." Smith v. St. Paul Fire & Marine Insurance Company, 5 Cir., 1972, 471 F.2d 840, 842.[1] Accordingly, finding that the appeal is not yet ripe, we dismiss the appeal and remand to the trial court.

Appeal dismissed.

---

1. See also Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir., 1971, 451 F.2d 505, 511; Mizell v. North Broward Hospital District, 5 Cir., 1968, 392 F.2d 580; Webb v. Standard Oil Co., 5 Cir., 1969, 414 F.2d 320; Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, 5 Cir., 1958, 257 F.2d 162, 167; Chagas v. Berry, 5 Cir., 1966, 369 F.2d 637, 642; Barber v. Motor Vessel "Blue Cat", 5 Cir., 1967, 372 F.2d 626.