CHARLES CARROLL (Ret)., Associate Judge
(dissenting).
I respectfully dissent. I do not agree with the holding of the majority that there was no competent substantial evidence to support the decision of the board adverse to the claimant. Although the evidence was in conflict, in my view there was medical evidence from which the board could find that the scratches or abrasions on the claimant’s eyes caused by blowing sand while on duty, which aggravated his disease, was a condition that would heal and was of temporary character, and that the *407 disability resulted from the disease in which blisters formed on the eyes from time to time with consequent peeling off of the membrane of the eyes.
The trial court, reviewing the board’s decision on certiorari, was not entitled to reweigh and re-evaluate the evidence. Osceola Fruit Distributors v. Mayo, Fla.App.1959, 115 So.2d 760; State Beverage Dept. v. Ernal, Inc., Fla.App.1959, 115 So.2d 566.
Also I am unable to agree with the holding of the trial court, and of the majority, that this claimant would be entitled to prevail on his claim before the board if it was the pre-existing eye disease, by its progression during the employment of the claimant, rather than the sand blowing incident aggravation, which caused his disability. In my opinion that would not be a disability “incurred in line of duty” within the meaning of the pertinent provision of the Pension Act.