## MARCHESE v TOWN OF SURFSIDE

Case No. 85-206 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 9, 1987

### APPEARANCES OF COUNSEL

**Denis Dean, Dean & Hartman, P.A.,** for appellant.

**Myles G. Cypen, Cypen, Cypen & Dribin,** for appellee.

Before BARAD, GOLDMAN, FEDER, JJ.

### OPINION OF THE COURT

MURRAY GOLDMAN, Judge.

This is an appeal by a police officer of the Town of Surfside from a decision of the Personnel Appeals Board, Town of Surfside, Florida, upholding a two day suspension of the officer.

A recital of the facts culminating in the suspension is unnecessary for our decision.

An administrative hearing was held on June 12, 1985 before the Personnel Appeals Board. Appellant was represented by counsel, Mr. Dean, and the Town of Surfside was represented by Mr. Stephen Cypen. The Board did not have its own attorney, nor did it have any legal advisor. Mr. Cypen had represented the Board on previous occasions.

Initially we wrote that there was substantial competent evidence to support the findings and decision of the Board.

The issues which concern this Court are whether Appellant received a fair hearing before the Court, and if not, whether this would constitute fundamental error.[1]

The hearing before the Board did not violate Appellant's due process rights. *State ex rel. Vining v. Florida Real Estate Com'n*, 281 So.2d 487 (Fla. 1973); *Mizell v. North Broward Hospital District*, 175 So.2d 583 (Fla. 2d DCA 1965).

We must, however, points out the appearance of conflict to have the same attorney who has represented the Board act as the prosecuting attorney before the Board. As was noted in *Ford v. Bay County School Board*, 246 So.2d 119 (Fla. 1st DCA 1970):

"It is sufficient for us to point out that it would be in closer accord with traditional notions of justice and fair play for a quasijudicial administrative board to designate one person to act as its legal adviser and different person to act as its prosecutor. . . ."

Since the due process rights of the Appellant were not violated, and there was substantial competent evidence to support the decision of the Board, the decision is affirmed.

---

[1] Appellant failed to raise the issue concerning the lack of a fair hearing on appeal. This Court, at oral argument, raised the issue for the first time and required supplemental briefs on the issue.