296 So.2d 554 (1974)
O.N. CODDING, Appellant,
v.
William L. PHILLIPS, Appellee.
No. 73-770.
District Court of Appeal of Florida, Third District.
April 23, 1974.
Rehearing Denied July 12, 1974.
Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellant.
Podhurst, Orseck & Parks and Edward I. Sternlieb, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and DREW, E. HARRIS, Associate Judge.
PER CURIAM.
The plaintiff filed his complaint in the circuit court alleging breach of a franchise agreement and fraudulent misrepresentation. He now seeks review in this court upon a final summary judgment entered in favor only of defendant William L. Phillips.
The sole point raised by the parties is whether or not the trial court erred in granting summary judgment for defendant Phillips on the ground that the statute of limitations, Fla. Stat. § 95.11(5)(d), F.S.A., pertaining to causes of action alleging fraud, had run.
The statute provides that actions for fraud be commenced within three years, "the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."
*555 The record demonstrates that the franchise agreement between this plaintiff, Codding, and defendant Career Enterprises, Inc. was entered into on November 29, 1968, and the complaint was filed on March 28, 1972, more than three years after the agreement was executed.
The plaintiff alleged that certain enumerated false misrepresentations concerning Career Enterprises, Inc., which is in the business of franchising vocational educational schools, were concealed for over two years from the plaintiff.
The complaint charged Phillips, as Career's president and chief executive officer, with the same material misrepresentations which induced the plaintiff to purchase one of these franchises for $25,000.
Defendant's position is that the trial court properly determined that the plaintiff's action was barred by Section 95.11(5)(d) because any fraud perpetrated occurred, if at all, prior to the time of the franchise agreement and that once the agreement was established, the plaintiff was on notice of the falsity of any representations made to him. The defendant cites the following provision of the franchise contract to buttress this fact:
"Entire Agreement: We have read and understand clearly the contents of this agreement. For our mutual protection we agree that this is the entire understanding between us and that no other agreement or promises were made to us other than those herein given."
Under Section 95.11(5)(d) "discovery" of facts constituting fraud is measured by an objective standard, meaning those facts which would be discovered through the exercise of due diligence. Matthews v. Matthews, Fla.App. 1969, 222 So.2d 282; Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir.1967).
The appellant cites language from Azalea Meats, Inc. v. Muscat in which the court acknowledged that the concept of due diligence is not locked into a rigid standard. In that case, the court was considering a stock fraud suit under broadly remedial provisions of S.E.C. rule 10-b-5.
Moreover, the court noted the presence of a corporate fiduciary relationship bearing heavily upon the issue of due diligence. The court said:
"A fraud which is flagrant and widely publicized may require the defrauded party to make immediate inquiry. On the other hand, one artfully concealed or convincingly practiced upon its victim may justify much greater inactivity." (386 F.2d at p. 9.)
The statute of limitations in this case must be strictly construed against the party bringing suit, and the issue of whether or not the facts were such that they should have been discovered prior to the execution of the franchise agreement was a legal question. See Matthews v. Matthews, supra.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.