327 So.2d 245 (1976)
William G. POULOS and Ester Poulos, His Wife, Appellants,
v.
Kenneth F. VORDERMEIER, d/b/a Vordermeier Insurance Agency, et al., Appellees.
No. 75-1445.
District Court of Appeal of Florida, Fourth District.
February 27, 1976.
*246 Borden R. Hallowes, Fort Lauderdale, for appellants.
John E. Salmon, of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for appellees.
WALDEN, Chief Judge.
Upon motion to dismiss the trial court finally dismissed plaintiff's complaint on the basis that the cause was barred by the Statute of Limitations. Plaintiffs appeal. We reverse and remand.
Beginning with time honored basics, all know that the function of a motion to dismiss a complaint is to raise a question of law as to the sufficiency of the facts alleged to state a cause of action. The motion admits as true all well pleaded facts as well as all reasonable inferences arising from those facts. The allegations must be construed in the light most favorable to plaintiffs and the trial court must not speculate what the true facts may be or what will be proved ultimately in trial of the cause. Further, the trial court's gaze is limited to the four corners of the complaint. Finally, the motion must be decided on questions of law, only, and matters not shown on the face of the complaint can not properly be raised on a motion to dismiss. See generally 25 Fla.Jur., Pleadings § 127.
Although contra to tradition, the Statute of Limitations, an affirmative defense, can be asserted in a motion to dismiss for failure to state a cause of action and can be adjudicated, provided the facts constituting such affirmative defense appear on the face of the complaint. Timmins v. Firestone, 283 So.2d 63 (4th DCA Fla. 1973); Rule 1.110(d) F.C.P.; see generally 21 Fla.Jur., Limitation of Actions § 88.
And so the real question before us is whether the bar of the Statute of Limitations affirmatively appears on the face of the complaint when considered in the light of the principles just mentioned.
It is agreed that the cause of action is for negligent misrepresentation and that the applicable Statute of Limitations is three years, the statute being Fla. Stat. 95.11(5) (d) (1973).[1]
"95.11 Limitations upon actions other than for the recovery of real property.  Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
"(5) Within three years. 
* * * * * *
"(d) An action for relief on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;"
The disagreement is when, from the allegations of the complaint, did the statute begin to run. The answer turns upon when the plaintiffs actually learned of the negligent misrepresentation, or, when plaintiffs should have learned of it using reasonable or due diligence. Since it is manifest from *247 the complaint that plaintiffs obtained actual knowledge some time after September 23, 1972, (which would be less than three years prior to the commencement of the action), the narrow question remains as to when plaintiffs should have learned of it using reasonable or due diligence. Matthews v. Matthews, 222 So.2d 282 (2d DCA Fla. 1969); Codding v. Phillips, 296 So.2d 554 (3rd DCA Fla. 1974); Azalea Meats, Inc. v. Muscat, 246 F. Supp. 780 (S.D.Fla. 1965), rev'd on other grounds 386 F.2d 5 (5th Cir.1967).
Now we turn to the complaint.
Plaintiffs are in effect, the insureds and defendants are the insurance agents and carriers. Shortly before June of 1969, by written and oral application to the agent, plaintiffs asked for family and automobile liability insurance for bodily injury and death at $100,000 per person, and $300,000 per occurrence, without exceptions. It was specifically pleaded:
"6. That the Defendant, KENNETH F. VORDERMEIER, d/b/a VORDERMEIER INSURANCE AGENCY assured the Plaintiffs that they would be covered by an appropriate automobile liability insurance policy covering the Plaintiffs and their children while operating motor vehicles belonging to the Plaintiffs, and that the same was written upon and issued by the Defendant, THE TRAVELERS INDEMNITY COMPANY, for the coverage as hereinabove set forth and requested by the Plaintiffs with no exceptions as related to liability protection.
"7. That throughout the period of time in question beginning with June of 1969 to and including September of 1972 when an accident as hereinafter mentioned occurred the automobile liability protection issued through the Defendant, VORDERMEIER INSURANCE AGENCY, was with THE TRAVELERS INDEMNITY COMPANY and although there had been numerous declarations and premium notice sent out because of the change of cars and the number of cars and because the premium notices were sent twice annually and there were differences thereon indicating a different form or type of coverage, the Defendant, KENNETH F. VORDERMEIER, d/b/a VORDERMEIER INSURANCE AGENCY, emphatically assured, promised and represented to the Plaintiffs that they had the full protection set forth above that was requested by them and known by the Defendants, VORDERMEIER INSURANCE AGENCY and THE TRAVELERS INDEMNITY COMPANY. (Emphasis supplied.)
"8. The Plaintiffs have at all material times hereto paid in full the premiums due and have otherwise performed all things necessary to fulfill their obligations under the automobile liability policies.
"9. That while several conflicting endorsements were mailed to the Plaintiffs, they were always reassured by the Defendant, VORDERMEIER INSURANCE AGENCY, through their agents, servants or employees, including the principal, KENNETH F. VORDERMEIER, that the full extent of coverage known by the Defendants and which was requested by the Plaintiffs was in full force and effect." (Emphasis supplied.)
It further appears from the complaint that on September 23, 1972, a member of plaintiffs' family was involved in an automobile accident with the result that plaintiffs and the family member sued for a sum in excess of $10,000. The defendant carrier has asserted that plaintiffs have only $10,000 coverage.
Back to specific allegations:
"11. The Defendant, KENNETH F. VORDERMEIER, d/b/a VORDERMEIER INSURANCE AGENCY, misrepresented to the Plaintiffs that they were insured for the total sum of *248 $100,000.00 per person liability protection and $300,000.00 liability protection per occurrence when in fact they now contend this is not the case and that there was some limit of protection in that the amount of liability coverage was restricted when automobiles listed in the policy were operated by persons under the age of 25; that notwithstanding the knowledge of the agent, KENNETH F. VORDERMEIER, that of the six members of the Plaintiffs' family residing here in Broward County, Florida, four of them were under the age of 25 and were in fact the major operators of said automobile, he now contends that there was some limited liability coverage although expressly now [sic] known by the Plaintiffs [sic]
"In misrepresenting the coverage contrary to the express desires and wishes of the Plaintiffs, the Defendant, KENNETH F. VORDERMEIER, d/b/a VORDERMEIER INSURANCE AGENCY, by their constant assurance of protection and fulfilling the desires of the Plaintiffs caused the latter to rely entirely upon their expertise upon their understanding of the situation and upon an expressed belief that their needs and wishes had been met causing the Plaintifs [sic] thereby to refrain from properly protecting themselves and thereby in reliance thereon have now been caused to suffer the potential damage as alleged in the present law suit filed against them by ROBERT LEE CHESSER and his wife. Alternatively, the Defendant, KENNETH F. VORDERMEIER, was negligent in that he well knew the desires and wishes of the Plaintiffs, but knowing the same, he failed by his careless and negligent acts to provide the same or failed to supervise the personnel of his office in seeing to it that proper protection was afforded to the Plaintiffs. Therefore by such conduct, the Plaintiffs have suffered tremendous damage and suffer a potential loss far and in excess of the meager and minimal coverage now asserted by THE TRAVELERS INDEMNITY COMPANY or alternatively, the Defendant, KENNETH F. VORDERMEIER, or his servants or employees acting on his behalf were negligent in failing to properly advise in any manner to the Plaintiffs the meaning of the endorsements and further knowing their desires failed to properly explain to them that if in fact coverage was in any way limited how the same could be expanded and therefore by carelessly and negligently and failing to provide them with sufficient information they were not apprised that their wishes and desires had not been complied with." (Emphasis supplied.)
While there are other allegations and counts, the foregoing excerpts from the complaint embrace the Statute of Limitations issue.
Defendants contend that the allegations in the complaint that plaintiffs received notices, declarations and conflicting endorsements "and there were differences thereon indicating a different form or type of coverage" were themselves sufficient as a matter of law to put plaintiffs on notice that a misrepresentation had occurred. However, defendants' contention overlooks other dispositive portions of the complaint. In each instance where the language relied upon by defendants appears, it is followed by explicit and comprehensive language that plaintiffs were emphatically assured by defendants that, regardless of endorsements and notices, the defendants were affording the full insurance coverage requested by plaintiffs, and that plaintiffs relied upon such assurances. If these pleadings be taken as true, as indeed they must, then there is no basis for a court holding as a matter of law that the Statute of Limitations began to run at any time before plaintiffs received actual advice from the defendants of their contention that they considered themselves limited to a liability of $10,000. This advice followed the accident date of September 23, 1972 (as pleaded *249 in Paragraph 10 of the complaint), which means that the three year Statute had not run, the action having been commenced in January 1974.
Moreover, there are other considerations which mitigate against a judicial determination that the Statute of Limitations had run. First, for example, we do not know from the complaint the content of the various notices, declarations and endorsements. Were the conflicts or contents mere trifles and not such as to alert a reasonable man? Did they concern the kind or amount of coverage and to what degree? Since it is not stated, forasmuch as we know, the endorsements may have reflected more coverage than requested. Second, we do not know with any degree of specificity when the notices or endorsements were forwarded to plaintiffs. Without this, a court can not determine within the stated guidelines when the Statute of Limitations began to run. For instance, it is possible from the allegations of the complaint that such notices were sent in sufficient point of time as to be within three years of the commencement of the action so that the Statute would not be applicable.
For these reasons it is our opinion that facts constituting a Statute of Limitations bar did not exist on the face of complaint. Hence, it was error to dismiss the complaint as was done.
Reversed and remanded.
OWEN, J., concurs.
DRIVER, B.J., Associate Judge, dissents with opinion.
DRIVER, B.J., Associate Judge (dissenting).
I would affirm. The policy of insurance in the final analysis is nothing more than a contract. The terms of the policy were explicit and unambiguous as to coverage. The amount of coverage was known to the insured as evidenced his announced concern to the agent. He accepted benefits of the policy without payment of any additional premiums for the greater coverage and now seeks to make the insurer responsible for his neglect by relying upon communications outside the policy. The record does not reveal that these communications were in writing but so far as may be gleaned may have been conversations over the telephone, verbal comments on a street corner or on the golf links.
The liability of the insurance company for the acts of its authorized agents is recognized. It does not comport with my understanding of the law, however, to permit appellant to acknowledge that in 1969 he was aware that coverage was $10,000.00 on the face of the policy and now be entitled to vary the express terms of the insurance contract by pleading parol evidence contradicting the express provisions of the insuring agreement.
NOTES
[1] Fla. Stat. 95.11 was amended effective January 1, 1975.