PER CURIAM.
Having examined the record before us we conclude that the trial court did not err in granting a summary judgment premised upon a determination that the appellant’s action was barred by the applicable statute of limitation, § 95.11(3)(j), Fla.Stat. (1979). See Steiner v. Ciba Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978), cert. denied mem., 373 So.2d 461 (Fla.1979); Codding v. Phillips, 296 So.2d 554 (Fla. 3d DCA), cert. denied mem., 304 So.2d 125 (Fla.1974); Matthews v. Matthews, 222 So.2d 282 (Fla. 2d DCA 1969); § 95.031, Fla.Stat. (1979).[1]
Affirmed.

. In response to the dissent we note only that Calder’s naivete, colossal or otherwise, is not the issue upon which this case turns. We merely decline to add gypsy fortuneteller to the list of professionals who the reasonably prudent person might believe owe a fiduciary duty to a client. The cases cited by the dissent are therefore inapposite.