376 So.2d 415 (1979)
William D. SIMPSON, Appellant,
v.
Howard ROBINSON and J. Richard Lundquist, M.D., Appellees.
No. MM-442.
District Court of Appeal of Florida, First District.
October 19, 1979.
Rehearing Denied November 21, 1979.
*416 Jon D. White, Pensacola, for appellant.
Louis K. Rosenbloum and R.P. Warfield, of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
PER CURIAM.
Simpson seeks review of an order vacating an arbitration award entered against Robinson, Lundquist, and John Miller (not a party to this appeal) by the Construction Industry Arbitration Tribunal of the American Arbitration Association. The trial court found that the arbitrators, in the exercise of their jurisdiction, exceeded their powers because there was no agreement for arbitration between the appellees, individually, and Simpson. We reverse.
Simpson an architect, entered into an owner-architect agreement with Bay Seville Properties, Inc., identified in the agreement as the "owner". The contract contained compulsory arbitration provisions for claims and disputes arising out of the agreement or breach thereof. The agreement was executed by Howard Robinson, "President, and Individually", Richard Lundquist, M.D. "Vice-President and Individually", and John Miller, "Secretary-Treasurer and Individually" as "owner".
Subsequently, a dispute arose concerning payment for architectural services allegedly performed by Simpson. Simpson filed suit against Bay Seville Properties, Inc., Robinson, Lundquist, and Miller (defendants) seeking payment under the contract and damages. Bay Seville Properties, Inc., Lundquist, and Miller answered demanding, as a defense, that the dispute be submitted to arbitration pursuant to the contract. They also admitted the existence of the agreement between defendants and Simpson. Robinson answered separately agreeing to the submission of the dispute to arbitration although he generally denied the existence of the aforementioned agreement. The circuit court stayed the proceedings and granted defendants' Motion to Compel Arbitration. At the arbitration hearing, Robinson and Lundquist objected to the arbitrators' jurisdiction on the ground that the principal to the agreement, Bay Seville Properties, Inc., had not been made a party to the arbitration proceedings. The arbitration tribunal ultimately entered an award in favor of Simpson and against Robinson, Lundquist, and Miller, jointly.
Robinson and Lundquist, pursuant to Section 682.13, Florida Statutes (1977), moved to vacate the arbitration award on the ground that the arbitrators exceeded their powers because: 1) a demand for arbitration had not been made against Bay Seville Properties, Inc., the principal to the agreement; 2) appellees executed the agreement only as corporate officers of Bay Seville Properties, Inc., and were not therefore bound under the agreement; or 3) appellees were merely individual guarantors of the agreement between Simpson and Bay Seville Properties, Inc. The testimony at the hearing on appellees' motion revealed that Bay Seville Properties, Inc. apparently had not been legally incorporated. Further, appellees testified that they did not recall the words "and Individually" appearing on the agreement at the time they executed it and both testified they would not have signed the contract if that language had been included.
We find that appellees were parties to the agreement and were bound thereunder. Execution of the agreement by appellees as corporate officers and "Individually" clearly reveals an intention to be bound individually. Further, since appellees purported to act as a corporate entity, although not authorized to do so, they would be liable under Section 607.397, Florida Statutes (1975). Moreover, we find that appellees are estopped from denying that they were parties to the agreement by virtue *417 of their answers filed in the civil suit brought by Simpson and by their demands for arbitration contained therein. Accordingly, the order vacating the arbitration award is reversed.
ERVIN, Acting C.J., and BOOTH and SHIVERS, JJ., concur.