LETTS, Judge.
The trial court granted a final summary judgment holding a corporate officer personally liable under the terms of a lease assignment because in the signature portion of the assignment the word “individually” appeared. We reverse.
The American Oil Company (AMOCO), a Maryland corporation, assigned its leasehold interest in certain real estate to “Southern Transmissions of Sunrise, Inc., a Florida corporation.”[1] The lease subsequently fell into default and AMOCO sued William Ladd, et al. The language of the four-page written assignment contained no verbiage to suggest anything other than an assignment between the two corporations. However, the signature of Southern Transmissions of Sunrise, Inc. read as follows:
SOUTHERN TRANSMISSIONS OF SUNRISE, INC.
by /s/ William Ladd
William Ladd — Individually and as President of Southern Transmissions of Sunrise, Inc.
Attest: /s/ Gerald Gordon Secretary
Because of the use of the term “William Ladd — Individually,” AMOCO filed a motion for partial summary judgment on the issue of Mr. Ladd’s personal liability which was granted.
We have no quarrel with the body of the law that holds that the use of the word “individually” creates personal liability. See for example Simpson v. Robinson, 376 So.2d 415 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 641 (Fla.1980). However, we view the instant assignment contract as ambiguous and therefore not susceptible to summary judgment treatment.
The assignment before us names only the two corporations as the contracting parties and the acknowledgment of the as-signee President following the signature is also purely a corporate acknowledgment.[2] Moreover, in the affidavit submitted in opposition to the motion for summary judgment, the President of the corporation set forth all of the facts and circumstances we have alluded to above, together with his denial of any intention to become personally liable. An accompanying affidavit from the secretary of the assignee likewise denied any intention as to personal liability.
We conclude material issues of fact as to intent exist in the instant case. Accordingly, the final summary judgment is reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.

. Several other assignments occurred subsequently, but we set forth only the facts which we deem necessary to support our conclusion.

. There is no acknowledgment at all as to the secretary’s attestation.