284 So.2d 481 (1973)
Robert G. SPINDLER and Raquel Spindler, His Wife, Appellants,
v.
Mildred KUSHNER and Allstate Insurance Company, Appellees.
No. 73-170.
District Court of Appeal of Florida, Third District.
August 28, 1973.
Rehearing Denied November 20, 1973.
*482 Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, and Michael R. Jenks, Miami, for appellants.
Theobald H. Engelhardt, Jr., and Robert Golden, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The appellants Spindler sought to bring a counterclaim against the appellee, Allstate Insurance Company. The theory of the counterclaim assumed that the Spindlers were third party beneficiaries and as such were entitled to enforce a fire insurance policy. The counterclaim was dismissed and this appeal is from that order. The principal issue is whether the rationale of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, and cases following that decision may be applied to a fire insurance policy under the circumstances of this case. We hold that the third party beneficiary rule does apply and that the allegations of the counterclaim are sufficient to withstand the motion to dismiss.
In their counterclaim the appellants alleged that: (1) as the fee owners of certain improved property they agreed to sell it to Kushner for a stated consideration, with the Spindlers to assume risk of damage or loss prior to closing on a specified date; (2) Kushner, being unable to close on the date specified, entered into a supplementary agreement with the Spindlers, whereby in consideration of Kushner making mortgage payments of $215.00 per month, possession of the premises was delivered to Kushner, upon the condition that in the event of failure to close, the premises would be redelivered to the Spindlers in substantially the same condition as Kushner took them; (3) Kushner thereupon applied for, and for a valuable consideration (the premium), was issued a policy by Allstate Insurance Company insuring the improvements on the premises against loss or damage by fire; (4) while in *483 Kushner's possession the improvements were totally or substantially destroyed by fire; and (5) Allstate Insurance Company thereafter denied coverage on the ground that Kushner had no insurable interest. Appellants claimed that as a third party beneficiary under the fire insurance policy, they should be allowed to prove Kushner's liability, and in the same suit, establish Kushner's insurable interest, Allstate's liability to Kushner, and collect directly from Allstate without a multiplicity of actions.
While it is true that Shingleton v. Bussey, supra, dealt specifically with a motor vehicle liability insurance policy, the third party beneficiary rule enunciated in that case has been applied to other types of insurance. In Maxwell v. Southern American Fire Insurance Company, Fla.App. 1970, 235 So.2d 768, the rule was applied to a medical payment coverage provision contained in a homeowner's insurance policy. In addition, we have recently had occasion to pass upon the application of the rule to a fire insurance policy. Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Company, Fla.App. 1973, 281 So.2d 373, filed July 31, 1973. In the Schlehuber case, we held that an owner of recently purchased property could enforce the seller's policy of fire insurance covering the property insofar as the policy provided for payment to the mortgagees. Consequently, we find no reason why the appellant owners should not be able to enforce the payment provisions of the contract purchaser's fire insurance policy under the circumstances of the case presently before us.
We turn to a consideration of appellee's point urging that the counterclaim was properly dismissed because the policyholder as a contract purchaser did not have an insurable interest in the property. Section 627.405, Fla. Stat., provides:
"(2) `Insurable interest' ... means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
"(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof."
See generally 18 Fla.Jur. Insurance §§ 481, 485, and Grimm v. Prudence Mutual Casualty Company, Fla. 1971, 243 So.2d 140.
The supplementary agreement by which the policyholder as contract purchaser is claimed to have assumed the responsibility for the physical condition of the premises provided as follows:
"RIDER
"To that certain Deposit Receipt dated October 18, 1970, between Robert and Raquel Spindler, as Sellers, and Mildred Kushner as Buyer, of property known as 21201 N.E. 20th Avenue.
"Notwithstanding the fact that the contract to which this Rider is attached calls for a closing date of January 31, 1971, said transaction, by subsequent mutual consent of Seller and Buyer shall take place on or before, but not later than, April 30, 1971.
"The seller grants unto the purchaser the right to occupy the subject premises as of January 31, 1971, it being understood that in consideration of this, the purchaser agrees to pay the mortgage payments of approximately $215.00 per month. It is further understood that the purchaser will maintain the grounds and improvements in substantially the same condition as they were on January 31, 1971 until closing."
Appellee Allstate urges that because the first agreement specifically provided that the "seller agrees to assume risk of any and all damage to [the] above described premises prior to closing of this transaction", the supplemental agreement cannot reasonably be read to have changed that provision. We disagree. Of course, *484 the construction of the contract is for the trial court, but unless it clearly appears as a matter of law that the contract cannot support the action alleged, the complaint should not be dismissed on motion. See National Council of Young Israel v. Costa, Fla.App. 1971, 243 So.2d 13. In the case at bar, the supplemental contract can, in our opinion, be reasonably interpreted as the counterclaimants urge, and the actions of the parties to the contract may be considered as indicating their interpretation of its meaning. See Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284, Mileage Realty Co. v. Miami Parking Garage, Inc., Fla.App. 1962, 146 So.2d 403, 406. Therefore, we hold that the court erred in dismissing the counterclaim upon the ground that the contract purchaser did not have an insurable interest.
The order dismissing the counterclaim is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.