309 So.2d 582 (1975)
AMERICAN AGRONOMICS CORPORATION, Appellant,
v.
James E. ROSS, Appellee.
No. 74-896.
District Court of Appeal of Florida, Third District.
March 25, 1975.
*583 Weithorn & Mazloff, Coral Gables, for appellant.
Barrett, Diliberto & Estrumsa, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant appeals a final judgment entered in favor of plaintiff-appellee in this action to recover for a breach of employment contract.
Plaintiff-appellee, James Ross, entered into an employment contract with defendant-appellant, American Agronomics Corporation, whereby plaintiff assumed the position of director of broker/dealer sales for Farmers Equity Corporation, defendant's wholly owned subsidiary and sales arm. The subject contract read in part as follows:
* * * * * *
"This letter confirms our verbal agreement on the terms of your employment by American Agronomics Corporation as Director of NASD Broker/Dealer sales for Farmers Equity Corporation commencing November 15, 1971.
* * * * * *
"We have agreed your performance under this agreement will be reviewed on or about March 31, July 31 and November 30, 1972. Sales levels of $600,000, $1,200,000 and $2,400,000 respectively by said dates, have been mutually agreed to be realistic and achievable, the achievement of which goals shall be the factor in determining the future continuation of your employment.
"Should your employment under this agreement continue, the terms of the employment will be subject to review on or about November 1, 1972, conditioned however, on the fact that said renewal shall not be for compensation less than that which is granted in paragraphs one, two, three and four above. Should your employment under this agreement terminate, you will be entitled to the commissions on sales, as herein defined, initiated during your employment and fully effected within ninety days of termination date."
Defendant-appellant terminated plaintiff on March 3, 1972 for failing to follow directives even though plaintiff had achieved a sales total in excess of $600,000. Thereafter, plaintiff filed a complaint for breach of contract and alleged therein that *584 defendant owed him $14,000 in salary and $2,755 in commissions. The cause proceeded to a non-jury trial. Thereafter, the trial court entered judgment in favor of plaintiff and awarded him $14,000 for unpaid salary, $2,775 for the balance of commissions due and owing plaintiff and costs. This appeal follows.
Defendant first contends the trial court erred in entering judgment for the plaintiff for breach of employment contract since the contract was not for a definite term and, therefore, was terminable at will.
A fundamental and frequently applied general rule of construction is that where the language of a contract is ambiguous or doubtful, it should be construed against the party who drew the contract and chose the wording. 7 Fla.Jur. Contracts § 87 (1956) and cases cited therein. Further, in construing a contract where the terms are uncertain or doubtful, the interpretation placed on it by the parties may be considered by the court where it is not completely at variance with the principles of correct legal interpretations of the contract provisions. Bouden v. Walker, Fla.App. 1972, 266 So.2d 353.
After a close reading of the letter agreement in the instant case, possibly some doubt may be raised as to the definiteness of the term thereof. Nevertheless, at the trial the plaintiff testified that the length of the contract was just over one year and the vice president of Farmers Equity Corporation also testified to the effect that the subject contract was for one year. The parties to this action having established the definiteness of the term of the contract, this point of appellant must fail.
We also considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.