346 So.2d 1064 (1977)
Ralph HELMS, Minnie Goodman and Norman F. LeFevre, Appellants,
v.
GENERAL FILM DEVELOPMENT CORPORATION et al., Appellees.
No. 76-1091.
District Court of Appeal of Florida, Third District.
June 7, 1977.
Guy B. Bailey, Jr. and William Berger, Miami, for appellants.
James Whitmore Miller, Coral Gables, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
The plaintiffs appeal a judgment dismissing their complaint with prejudice. The order was entered pursuant to defendant's motion to dismiss prior to answer. The allegations of the complaint must be taken as true. See O'Neal v. Crumpton Builders, Inc., 143 So.2d 344 (Fla. 1st DCA 1962). Inasmuch as it does not affirmatively appear that the plaintiff does not have a cause of action, it was error to dismiss the complaint with prejudice.
Plaintiffs sued defendants for breach of an original contract and two later supplemental agreements. The original contract provided, among other things, for payment *1065 by the defendants to the plaintiffs of $43,470.00, of which $10,000.00 was actually paid.
The first supplemental agreement, executed by counsel for the parties, provided for payment by the plaintiffs to the defendants of a total of $11,157.00, plus interest. The second supplemental agreement provided for payment by the defendants to the plaintiffs of $32,471.00, plus interest. It also provided that all provisions of the original contract not in conflict with the second supplemental agreement remain in full force and effect.
Plaintiffs sued for compensatory damages of $28,471.00 and for punitive damages, alleging breach of contract and fraud.
The first settlement contract, which was attached as an exhibit to the complaint, contained a penalty for failure of defendants to comply with the agreement. It is as follows:
"5. Upon the execution of this agreement, McCullough and Arbour shall deliver a total of Five Hundred Thousand (500,000) shares of their common stock in General Film, and properly executed stock powers on said stock to H. Jack Klingensmith, at 2951 South Bayshore Drive, Suite E-6, Coconut Grove, Florida. Klingensmith shall hold the stock in escrow for the benefit of Helms, Goodman and LeFevre until the purchase price is paid in full, at which time it shall be returned to McCullough and Arbour.[*]
"[*] McCullough & Arbour shall have the right to vote such stock while it is held in escrow."
All dividends accruing on the stock shall be deposited in the Registry of the Circuit Court of Dade County, Florida. Dividends paid into the Registry of the Court shall be subject to withdrawal by McCullough and Arbour with court approval when the purchase price is paid in full.
"In the event the full purchase price is not paid, legal and equitable ownership of the 500,000 shares of common stock in General Film, all rights and privileges incident thereto, and all dividends declared or due on said stock while held in escrow shall immediately vest in Helms, Goodman, and LeFevre."
Defendants urge that the penalty contained in the above-quoted paragraph 5 was, upon its execution, a full payment of the obligation under the contract. They explain the subsequent contracts, in which they recognized the obligation as existing after the forfeiture of the stock, as having been made under a mistake of law, i.e., that they did not realize that the obligation had been discharged.
Plaintiffs urge that the penalty provision contained in paragraph 5 was a security arrangement and constituted only a partial discharge of the debt.
The contract simply does not say that the execution of the penalty provision is a discharge of the debt. It is apparent that the defensive matter should have been raised by answer. See Fla.R.Civ.P. 1.140(b); Stone v. Stone, 97 So.2d 352 (Fla. 3d DCA 1957). The construction of a contract is for the trial court, but unless it clearly appears as a matter of law that the contract cannot support the action alleged, the complaint should not be dismissed on motion. Spindler v. Kushner, 284 So.2d 481 (Fla. 3d DCA 1973). The intention of the parties is not so clear from the complaint that it can be said as a matter of law that they intended the forfeiture under paragraph 5 of the original agreement to act as a discharge. Therefore, it was error to dismiss the complaint and the cause must be remanded for further proceedings.
Reversed and remanded.