387 So.2d 482 (1980)
Joyce HITT, Appellant,
v.
NORTH BROWARD HOSPITAL DISTRICT D/B/a Broward General Medical Center, Appellee.
No. 79-370.
District Court of Appeal of Florida, Fourth District.
August 20, 1980.
*483 Philip J. Montante, Jr., Pompano Beach, for appellant.
William Zei, Fort Lauderdale, for appellee.
HURLEY, Judge.
Joyce Hitt, plaintiff below, appeals from the dismissal with prejudice of a pleading styled "Amended Petition for Declaratory and/or Injunctive and/or Other Relief." Though the pleading is a jumble of allegations, we find the essentials for at least one cause of action and therefore reverse.
In taking this action we are obliged to express our empathy with the trial court for the difficult, frustrating task it was called upon to perform in this case. The trial court granted defendant's first motion to dismiss and permitted plaintiff to amend. Her second effort, the subject of this appeal, shows minimal improvement. It is a one count, multi-paragraph litany of allegations, seemingly strung together without thoughtful consideration of an appropriate theory of recovery. Such stream-of-consciousness pleading does little to advance the client's interests, adds immeasurably to the burdens of an already overtaxed trial court, and encourages the very error complained of.
Sorting through the complaint we find allegations that the plaintiff is a registered nurse who, as an independent contractor, has been individually retained by patients to perform private duty nursing services at the Broward General Medical Center for the past thirty-one years. The hospital, a tax supported institution, advised the plaintiff in February, 1978, that she could no longer practice private duty nursing on its premises. No explanation nor administrative due process accompanied the notice of expulsion. Plaintiff asserts this was a retaliatory action taken to punish her for posting fliers on hospital bulletin boards. The fliers contained membership information about a group known as the League of Independent Nurses of Florida. Plaintiff contends that the hospital's action constitutes an impermissible abridgement of her First Amendment rights.
The appropriate standard to be utilized in considering a motion to dismiss was articulated by this court in Poulos v. Vordermeier, 327 So.2d 245, 246 (Fla. 4th DCA 1976):
[T]he function of a motion to dismiss a complaint is to raise a question of law as to the sufficiency of the facts alleged to state a cause of action. The motion admits as true all well pleaded facts as well as all reasonable inferences arising from those facts. The allegations must be construed in the light most favorable to plaintiffs and the trial court must not speculate what the true facts may be or what will be proved ultimately in trial of the cause. Further, the trial court's gaze is limited to the four corners of the complaint. Finally, the motion must be decided on questions of law, only, and matters not shown on the face of the complaint can not properly be raised on a motion to dismiss.
Applying this standard to the case at bar, we must accept plaintiff's allegations of retaliatory exclusion as true. Unfortunately, this contention was largely obscured in the trial court where priority was given to the fact that plaintiff was not a salaried employee of the hospital. Defendant argued that the absence of an employment contract rendered plaintiff's relationship with the hospital terminable at will. Moreover, defendant asserted that termination *484 of employment was legally insufficient to justify injunctive relief.[1] Such arguments miss the mark when there are allegations of exclusion and blacklisting for a constitutionally impermissible reason.
It is well settled that a public authority may not deprive an individual of a state created status or benefit solely because of the exercise of First Amendment rights. Ferguson v. Thomas, 430 F.2d 852 (5th Cir.1970); Pred v. Board of Public Instruction, 415 F.2d 851 (5th Cir.1969). The United States Supreme Court issued an authoritative pronouncement on this subject in Perry v. Sindermann, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697-2698, 33 L.Ed.2d 570 (1972):
For at least a quarter-century, this Court has made clear that even though a person has no "right" to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests  especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to "produce a result which [it] could not command directly." ... Such interference with constitutional rights is impermissible.
* * * * * *

We have applied the principle regardless of the public employee's contractual or other claim to a job. (Citations omitted; emphasis supplied.)
In the case at bar, the status or governmental benefit in question, for want of a better term, is that of "hospital privileges"  the right to perform private duty nursing within a public hospital. While in the first instance plaintiff may not have had a legally enforceable claim to this "right", it is nonetheless a status which she has enjoyed for thirty-one years. It may not now be impaired or abrogated for a constitutionally impermissible reason.
In ruling upon a motion to dismiss a trial court is required to consider the exhibits which are attached to and incorporated in the complaint.[2] Following this rule, our attention is drawn to an attached letter from the hospital's director of nursing. It states in part:
As I indicated in our telephone conversation I have been presented with fliers which were posted by Mrs. Joyce Hitt on our floor bulletin boards relative to soliciting membership for the League of Independent Nurses of Florida. As I indicated to you it is not within our Hospital Policy to post notices on the bulletin boards unless they have permission from either the Administrators' Office or the Nursing Department Office.
Reading the above policy in the light most favorable to the plaintiff, it appears that the hospital did not limit the use of its bulletin boards to administrative announcements, but permitted certain intra-staff communication as long as it was approved by either of the two mentioned departments.
Once it is established that the bulletin boards were available for some intra-staff communication, the burden shifts to the hospital administration, the public authority, to show that its rules as applied to the plaintiff's fliers were not unreasonable. This accords with the preferred position afforded freedoms secured by the First Amendment, Thomas v. Collins, 323 U.S. 516, 529-530, 65 S.Ct. 315, 322, 89 L.Ed. 430 (1945), and flows from the premise that the First Amendment "necessarily embraces pamphlets and leaflets." Lovell v. City of Griffin, 303 U.S. 444, 452, 58 S.Ct. 666, 669, *485 82 L.Ed. 949 (1938). The appropriate formulation was put by Mr. Justice Harlan in his concurring opinion in Talley v. California, 362 U.S. 60, 66, 80 S.Ct. 536, 539, 4 L.Ed.2d 559 (1960): "state action impinging on free speech and association will not be sustained unless the governmental interest asserted to support such impingement is compelling."
The extent to which these principles impact on the case at bar cannot be known without a full development of the facts. At this early stage in the proceedings it is impossible to determine conclusively whether plaintiff's expressive conduct of posting fliers on the hospital's bulletin boards is entitled to protection under the Free Speech Clause of the First Amendment to the United States Constitution, or under Article I, Section 4 of the Florida Constitution. We find, however, that plaintiff has established a prima facie case for injunctive relief,[3] sufficient to withstand a motion to dismiss. We believe that the dismissal herein was premature and note our concurrence with the observation in Pred v. Board of Public Instruction, supra, that it is perilous to try
to resolve new, but serious questions of constitutional law on barebones pleadings. Courts ought not to be pulled into academic exercises on a case that factually may never be. Courts ordinarily should grapple with these problems on a factual record. 415 F.2d at 852 (citation omitted).
Interwoven in the complaint for injunctive relief are allegations in support of and a prayer for declaratory relief. We have no difficulty in agreeing with the trial court that, as presently framed, plaintiff's allegations are insufficient to support declaratory relief pursuant to Chapter 86, Florida Statutes (1979). However, since the case must be reversed for other reasons, we deem it appropriate to instruct the trial court on remand to permit the plaintiff to amend again. Though less than felicitously drawn, we perceive plaintiff's allegations of long term practice in the hospital, coupled with her assertion of a right to an administrative hearing, as an effort to plead a factual basis to establish an actual or de facto "property interest" sufficient to require procedural due process. See Perry v. Sindermann, supra; Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Bryant v. City of Lakeland, 158 Fla. 151, 28 So.2d 106 (1947); Mizell v. North Broward Hospital District, 175 So.2d 583 (Fla. 2d DCA 1965). If adequately pled, a property interest in continued hospital privileges would be sufficient to invoke Section 86.011 et seq., Florida Statutes (1979), enabling the court to declare the party's rights, viz., her entitlement to procedural due process.
We therefore reverse and remand.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] See Butler v. Lomelo, 355 So.2d 1208 (Fla. 4th DCA 1977); State, Dept. of Health and Rehab. Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).
[2] Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla. 1971); Rule 1.130(b) Fla.R. Civ.P.
[3] The fact that plaintiff might pursue an action for tortious interference with a business or contractual relationship does not preclude her right to seek injunctive relief. The deprivation of personal rights is often equated with irreparable injury and serves as an appropriate predicate for injunctive relief. See, e.g., Branti v. Finkle, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) (injunctive relief to prevent dismissal from public employment because of political beliefs); Robins v. Pruneyard Shopping Center, 23 Cal.3d 899, 153 Cal. Rptr. 854, 592 P.2d 341 (1979), aff'd, ___ U.S. ___, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980) (injunctive relief to permit solicitation in shopping center); Bright v. Pittsburgh Musical Society, 379 Pa. 335, 108 A.2d 810 (1954) (injunctive relief to prevent blacklisting of entertainer); 17 Fla.Jur. Injunctions § 30; 43A C.J.S. Injunctions § 149; 14 C.J.S. Civil Rights Supp. § 94.