435 So.2d 916 (1983)
David NUNES, Appellant/Cross Appellee,
v.
MARGATE GENERAL HOSPITAL, INC., a Florida Corporation, Appellee/Cross Appellant.
No. 82-1892.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Rehearing Denied August 25, 1983.
*917 David S. Nunes of Law Offices of David S. Nunes, Ft. Lauderdale, for appellant/cross appellee.
Jon W. Zeder and Douglas M. Halsey of Paul & Thomson, Miami, for appellee/cross appellant.
GLICKSTEIN, Judge.
First, this is an appeal by a former part-time hospital employee claiming wrongful termination from a summary final judgment entered against him and in favor of the appellee hospital which is associated with Hospital Affiliates International, Inc. The material aspect of the disparate position between appellant, then a third year law student working a marathon-like schedule by day as an intern in the state attorney's office and throughout the weekends as an x-ray technician, and the multi-state hospital affiliate, hopefully becomes apparent hereinafter.
We are disadvantaged because of the combination of no reported transcript of the hearing on appellee's motion for summary judgment and no recitations by the trial court in its judgment. However, it is clear that summary judgment should not have been awarded in light of the accurate recitation of disputed facts contained in the response to appellee's motion filed by appellant's trial counsel. Appellant's deposition reflects that he expressed to the hospital's personnel director and chief technician, who were involved in his hiring, that his term of employment had to be definite; i.e., for the entire school year, as he could not  with his hectic schedule  look for another similar job during the school year. It is equally clear from his deposition that the personnel director and chief technician who interviewed him led him to believe that he would not be terminated during the school year unless he did "something really disasterous." In our view, such was competent evidence of a contract for a specific term, not just an "expectation" described by this court in Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982), and not employment for an indefinite term and terminable at will described in De Marco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1123 (Fla. 1979), aff'd, 384 So.2d 1253 (Fla. 1980).
Notwithstanding evidence of a specified term of employment and a rejection by him of another hospital's offer of employment in reliance upon appellee's representation, appellant was apparently terminated shortly after commencing services and subsequent to his request for the additional compensation which he understood to be forthcoming as a benefit available to "permanent part-time employees" described in the hospital literature furnished him. As we view it, appellee was able to persuade the trial court that it was entitled to summary judgment, because appellant was a "permanent employee" terminable at will, whose signed application specifically recited:
"This agreement does not, of course, bind either party to any specific period of employment".
Because of the matters recited in appellant's deposition, whether appellant's employment was for a definite term was a matter for the trier of fact to determine at trial. So, too, was the issue of his discharge. Who the trier of fact is to be must be clarified on remand. This appeal was handled pro se by appellant. His trial counsel originally sought trial by jury, then requested non-jury trial. Appellant should be afforded the opportunity to make that choice anew as well as the right to further *918 amend his pleadings should any new matters, not previously pled, be appropriately raised.
As for the use by employers of the term "permanent employee," we observe that such language should not be a mare's nest for prospective employees. In other words, a prospective employee should not be misled by an employer to the belief that he is permanent when the judiciary of this state has on occasion viewed such term to mean terminable at will. It is true that in this case appellant was obviously not so misled, as he attempted to utilize the word "permanent" in connection with his compensation, not his term of employment. However, not all prospective employees are law students, and the employer has not hesitated to make use of judicial precedent. With these cautionary remarks, we reverse and remand the main appeal.
Second, the hospital cross appeals from that part of the final judgment which denied attorney's fees it sought pursuant to Section 57.105, Florida Statutes (1981). This cross appeal borders on the frivolous, not only because of the bona fide dispute as to the definiteness of the term of employment, but also because of the questions surrounding appellant's termination. A memorandum to the hospital administrator from Hospital Affiliates International, Inc., states in part:
I have reviewed the various background material and spoken with Mr. Nunes. My understanding of Mr. Nunes [sic] basic complaint is that we did not appraise him of the fact that we were not required to pay overtime to personnel in the Radiology Department who worked double shifts on weekends. Further, Mr. Nunes contends that Summary B, Item II of the Employee Fringe Benefits material states that permanent part-time employee [sic] will receive 50% of their hourly rate for all hours worked over 8 hours per day. With regard to the issue of overtime pay I recommend that we concede the point and pay Mr. Nunes the overtime he alledges [sic] we owe. I calculate this to be .5 times $5.80 (his second shift rate) times 8 hours times 7 days or $162.40. A check for this amount (or a corrected amount if my calculation is in error) should be issued as soon as possible with the statement "In full payment of disputed wages." directly on the check. The check should be sent to Mr. Nunes with the attached letter.
While the trial will flesh out all of the facts, the view could reasonably be taken at this point that appellant was not only employed for a definite term, but was also discharged for asserting what may have been a correct assertion as to the basis for some of his compensation. We affirm the cross appeal.
HURLEY and DELL, JJ., concur.