491 So.2d 1233 (1986)
Marshall MAINES, Appellant,
v.
Nelson P. DAVIS, Appellee.
No. BF-365.
District Court of Appeal of Florida, First District.
July 25, 1986.
*1234 Woodburn S. Wesley, Jr. of Cotton, Wesley & Poche', Shalimar, for appellant.
Siegfried F. Kessler of Smith, Grimsley, Remington & Kessler, Fort Walton Beach, for appellee.
PER CURIAM.
This cause is before us on appeal from the judgment below in a suit on a contract. The order sought to be reviewed finds the suit to be without merit because the ambiguous terms of the contract rendered it nothing more than a personal service agreement, terminable at will.
The basic facts are undisputed.
Appellant, a 72-year-old man, was employed by appellee to do janitorial work at a state office building owned by appellee. He began working in mid-1983 by helping his wife, who was employed by appellee, perform her job at the state office building. Appellant eventually took over for his wife when she became infirm in late 1983. He was called into appellee's office in mid-January of 1984 to sign a contract already dated "Jan. 30, 1984" and signed by appellee. The contract (attached, appendix hereto), identical to the one signed by appellant's wife the previous year, was prepared by appellee's secretary, Ms. Vesey. The contract provided that the "subcontractor" (appellant) agreed to comply with "the schedule attached hereto," which described the duties and tasks to be performed, and further provided that the "total price of this subcontract shall be $9,000." Testimony was received that appellant had been paid $750 per month in 1983, and $750 for January of 1984, $750 for February of 1984, and $375 for one-half of March of 1984. Appellant had not been under contract prior to January 1984.
Appellant was terminated by appellee on March 16, 1984, at the conclusion of a heated telephone conversation regarding the conduct of appellant's son on residential property rented from appellee. A letter confirming the termination to be due to the son's behavior was hand delivered to appellant together with a check in the amount of $375.
In answer to the complaint for breach of contract, appellee asserted, by way of affirmative defense, termination by mutual consent and failure to mitigate damages.
After hearing, the trial court found, that the notation "1/84  12/84" in the heading of the contract provided no specific starting date or termination date, and rendered the duration of the contract unclear and ambiguous. The court went on to find that the contract was not effective in January of 1984, because of the January 30, 1984, date shown for execution, and that, therefore, appellant could not possibly have been working under contract for appellee in January of 1984. Finally, the court found the terms and amounts of payment to be unenforceable because the contract called for one payment of $9,000, and the evidence provided at the hearing that the parties were contemplating or operating under a payment schedule of $750 per month was insufficient to hold anyone accountable.
The trial court correctly referred to the pertinent rules, to wit: an agreement that does not provide a definite term of employment is terminable at will, Quigley v. Laventhol & Howarth, 382 So.2d 137 (Fla. 1st DCA 1980); and no action may be maintained for a breach of a contract which does not provide a definite term of employment. Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983). However, we find error in the application of that rule and in the conclusion that the terms of employment are so ambiguous and indefinite as to render the agreement unenforceable. This is the nature of a legal conclusion rather than a finding of fact. The appellate court can consider the undisputed facts of record and apply basic rules of construction in review. Mills v. Ball, 380 So.2d 1128, 1130 (Fla. 1st DCA 1980).
*1235 The following basic rules of contract construction apply: (1) the contract should not be held void for uncertainty unless indefiniteness reaches a point where construction becomes futile, Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 302 So.2d 404, 408-409 (Fla. 1974); (2) ambiguities are to be construed against the drafter, Hurt v. Leatherby Insurance Company, 380 So.2d 432, 434 (Fla. 1980); (3) the conduct of the parties through their course of dealings shall be considered to determine the meaning of the written agreement where the terms are in doubt, Blackhawk Heating, supra, at 407; (4) the objects to be accomplished shall be considered, and to this end the court shall place itself in the position of the parties when the contract was entered into, Florida Power Corporation v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671, 674 (Fla. 1944); (5) the interpretation of the contract should be consistent with reason, probability, and practical aspects of the transaction, Blackshear Mfg. Co. v. Fralick, 88 Fla. 589, 102 So. 753, 754 (Fla. 1925); and (6) the contract should be considered as a whole, not in its isolated parts, Blackshear Mfg. Co., supra, at page 754.
Applying the foregoing principles, we find there was a legally enforceable contract. Specifically as to the "definite term of employment" requirement, the "1/84-12/84" term plus the annual compensation stated in the contract, and the fact of work admittedly performed for the months of January, February, and part of March, 1984, and payment of wages until termination in March, 1984, established the 12 month term of employment consistent with the agreement.
Accordingly, the judgment below is reversed and the cause remanded for further proceedings consistent herewith.
BOOTH, C.J., and SMITH and WENTWORTH, JJ., concur.
*1236