495 So.2d 838 (1986)
Ellen GRAPPONE, Appellant,
v.
CITY OF MIAMI BEACH, Appellee.
No. 86-716.
District Court of Appeal of Florida, Third District.
October 7, 1986.
Nevel & Lowy, Ronald Lowy, Miami, for appellant.
Arnold M. Weiner, City Atty., City of Miami Beach, Sandra W. Schneider, Asst. City Atty., for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal by Ellen Grappone from an order of the trial court dismissing her breach of contract claim against the City of Miami Beach for failure to state a cause of *839 action. For the reasons which follow, we reverse.
Grappone and the City of Miami Beach entered into a written employment contract which provided that she would serve as a temporary marketing secretary for a period commencing April 8, 1985, and ending upon the return of the regular secretary who was on a six-month maternity leave. The maternity leave was scheduled to end on October 8, 1985, although on September 9, 1985, it was subsequently extended for an additional six months until April 8, 1986. On October 4, 1985, the City abolished the position of marketing secretary. That same day, as a consequence of the abolition of this position, Grappone, the substitute secretary, was fired. Grappone filed an action for breach of contract, and the City moved to dismiss the complaint for failure to state a cause of action. The trial court granted the City's motion and dismissed the cause with prejudice.
When a contract does not provide for a definite term of employment, the contract is terminable at will. Maines v. Davis, 491 So.2d 1233 (Fla. 1st DCA 1986). Without a definite term of employment, a breach of contract action cannot be maintained. Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182, 184 (Fla. 1983). The trial court, in its order, specifically found "that the language in the purported employment contract, attached as an exhibit to the Complaint as an `Agreement', contains mere `language of expectation', rather than a term of definite employment. Language of expectation provides for no definite term of employment." In reaching its conclusion the trial court relied upon Maguire v. American Life Assurance Co., 442 So.2d 321 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984).
In Maguire, the employee did not have a contract for a specific term of employment. On appeal, the City contends that Grappone's contract also did not provide for a specific term of employment and that, therefore, the trial court correctly applied Maguire. We disagree. In the present case, the written contract provides, albeit somewhat circuitously, for a definite period of employment. By its terms the contract commences on a day certain and terminates upon a future contingent event, i.e., the return of the regular secretary. Paragraph 3 of the contract acknowledges that it "is a personal services contract for a definite period of time." Maguire is clearly inapposite, and the City will be bound by the declarations contained in the document it drafted. See American Agronomics Corp. v. Ross, 309 So.2d 582 (Fla. 3d DCA), cert. denied, 321 So.2d 558 (Fla. 1975).
Reversed and remanded for further proceedings.