ESQUIROZ, MARGARITA, Associate Judge.
Raoul Vienneau alleged in his complaint against Metropolitan Life Insurance Company that he was employed for over eighteen years by Metropolitan Life Insurance Company of Canada, a subsidiary or affiliated company legally distinct and wholly independent from the defendant, Metropolitan Life Insurance Company (hereinafter referred to as “Metropolitan”). Vienneau alleged that Metropolitan solicited him to move from Canada and accept temporary employment at Metropolitan’s South Florida office in Hollywood. Vienneau attached as an exhibit to his complaint a letter addressed to him from Metropolitan’s Hollywood branch manager bearing the reference “Agreement for Temporary Employment” and stating “[t]his transfer will be temporary in nature for a thirty-six month period commencing from the time of your visa approval.”[1] Finally, Vienneau *858 alleged that Metropolitan fired him without cause before the conclusion of the thirty-six month period. Vienneau brought this action for breach of employment contract against Metropolitan, claiming damages as a result of the breach.[2] The trial court granted Metropolitan’s motion to dismiss Vienneau’s second amended complaint with prejudice, and this appeal from the trial court’s order follows.
Metropolitan argues that a reading of the complaint and employment letter justifies the conclusion, as a matter of law, that Metropolitan’s employment relationship with Vienneau was terminable at will. Metropolitan claims that, from the face of the documents, (1) Vienneau was a permanent employee who was merely transferred within the company to South Florida, and (2) the contractual language is language of mere expectation rather than of definite duration. For the reasons that follow, we disagree and reverse the trial court’s order of dismissal.
This court has defined with ample clarity the principles governing the trial court’s decision at this early stage of the proceedings:
[T]he function of a motion to dismiss a complaint is to raise a question of law as to the sufficiency of the facts alleged to state a cause of action. The motion admits as true all well pleaded facts as well as all reasonable inferences arising from those facts. The allegations must be construed in the light most favorable to plaintiffs and the trial court must not speculate what the true facts may be or what will be proved ultimately in trial of the cause. Further, the trial court’s gaze is limited to the four corners of the complaint. Finally, the motion must be decided on questions of law, only, and matters not shown on the face of the complaint can not properly be raised on a motion to dismiss.
Hitt v. North Broward Hospital District, 387 So.2d 482, 483 (Fla. 4th DCA 1980), quoting from Poulos v. Vordermeier, 327 So.2d 245, 246 (Fla. 4th DCA 1976).[3] In order to determine the existence of a cause of action, the trial court must examine the complaint’s allegations, taken as true, in light of the applicable substantive law. *859 Kutner v. Kalish, 173 So.2d 763, 765 (Fla. 3d DCA), cert. denied, 183 So.2d 210 (Fla.1965). See also City of Gainesville Code Enforcement Board v. Lewis, 536 So.2d 1148 (Fla. 1st DCA 1988); Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988).
Florida has long adhered to the rule that an employment contract which does not provide for a definite term of employment is terminable at the will of either party without cause. Grappone v. City of Miami Beach, 495 So.2d 838 (Fla. 3d DCA 1986); Nunes v. Margate General Hospital, Inc., 435 So.2d 916 (Fla. 4th DCA 1983); Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982). Under these circumstances, the employment is considered to be indefinite, and no action may be maintained for breach of the employment contract. DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla.1980); Grappone v. City of Miami Beach, 495 So.2d at 839; Maguire v. American Family Life Assurance Company of Columbus, Georgia, 442 So.2d 321 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 849 (Fla.1984).
The construction of a written document, such as an employment contract, presents a question of law for the court, if its language is clear and unambiguous. Jaar v. University of Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla.1986); Innkeepers International, Inc. v. McCoy Motels, Ltd., 324 So.2d 676, 678-79 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 106 (Fla.1976); Russell & Axon v. Handshoe, 176 So.2d 909, 912 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 317 (Fla.1966). See also Zepfler v. Neandross, 497 So.2d 901, 903 (Fla. 4th DCA 1986); Reliance Insurance Co. v. Brickenkamp, 147 So.2d 200, 202 (Fla. 2d DCA 1962).[4] Various principles have emerged to aid the court in its interpretation. A cardinal rule is that where the language used in a contract is ambiguous or unclear, the court may consider extrinsic matters not to vary the terms of the contract, but to explain, clarify or elucidate the ambiguous language with reference to the subject matter of the contract, the circumstances surrounding its making, and the relation of the parties. Friedman v. Virginia Metal Products Corp., 56 So.2d 515, 517 (Fla.1952). See also Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404, 407 (Fla.1974).[5] For example, where the terms of a contract are uncertain or doubtful, the court may consider the interpretation placed on the contract by the parties, as long as such interpretation is not completely at variance with the principles of correct legal interpretation of the contract provisions. American Agronomics Corp. v. Ross, 309 So.2d 582 (Fla. 3d DCA), cert. denied, 321 So.2d 558 (Fla.1975); Bouden v. Walker, 266 So.2d 353 (Fla. 2d DCA 1972). The court may also consider the conduct of the parties through their course of dealings to determine the meaning of the written agreement. Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d at 407; Maines v. Davis, 491 So.2d 1233, 1235 (Fla. 1st DCA 1986). Another elementary principle is that where the language of a contract is ambiguous or doubtful, it should be construed against the par *860 ty who drew the contract and chose the wording. Grappone v. City of Miami Beach, 495 So.2d at 839; Maines v. Davis, 491 So.2d at 1235; Muller v. Stromberg Carlson Corp., 427 So.2d 266, 269 (Fla. 2d DCA 1983); American Agronomics Corp, v. Ross, 309 So.2d at 584.[6] Generally speaking, unless it clearly appears as a matter of law that a contract cannot support the action alleged, a complaint should not be dismissed on motion to dismiss for failure to state a cause of action. Helms v. General Film Development Corp., 346 So.2d 1064 (Fla. 3d DCA 1977); Spindler v. Kushner, 284 So.2d 481 (Fla. 3d DCA 1973).
With these principles in mind, the trial court was bound to accept Yienneau’s allegations as true, and then proceed to resolve the question of law of whether the allegations sufficiently stated a cause of action. It is true that the employment letter allegedly issued by Metropolitan is not a model of clarity, and neither, for that matter, is the complaint filed by Vienneau. They both label Vienneau’s move to South Florida as “temporary” employment in one breath, and as a “transfer” in another. But a motion to dismiss a complaint for failure to state a cause of action does not reach the defects of vague and ambiguous pleading. Fontainebleau Hotel Corp. v. Walters, 246 So.2d 563 (Fla.1971); Sheppard v. Inverness Coca-Cola Bottling Co., 322 So.2d 583, 584 (Fla. 2d DCA 1975); Calhoun v. Epstein, 121 So.2d 828 (Fla. 2d DCA 1960). Rather, the trial court was required to view the recitals in the complaint, together with exhibits attached, in the light most favorable to Vienneau and draw all reasonable inferences from their contents in Vienneau’s favor. Under Florida law, the allegations that most favor Vienneau’s position are that he was hired for temporary employment of thirty-six months’ duration by a new and distinct employer.
In addition, confronted with somewhat contradictory or ambiguous contract terms alluding interchangeably to the transaction as “temporary employment” and as a “transfer”, the trial court could properly consider extrinsic matters to help explain, clarify or elucidate the unclear language it was to construe. But the trial court is precluded from considering any such outside matters at the motion to dismiss stage, where its “gaze is limited to the four corners of the complaint.” Hitt v. North Broward District, 387 So.2d at 483. See also Helms v. General Film Development, 346 So.2d at 1065; Spindler v. Kushner, 284 So.2d at 484.[7] Furthermore, if the trial court was to make any party bear the onus of ambiguous or inartful pleading, that had to be Metropolitan, the party who drew the contract and chose the wording, rather than Vienneau, in whose favor the pertinent rules militate at this early stage.
Metropolitan relies on this court’s decision in Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982), but our opinion in that case does not legitimately support Metropolitan’s position. This court explained in Roy Jorgen-sen that “[t]he only language in the contract which would conceivably sustain a finding of a definite term” was the following:
On or about October 31 you will be assigned to our Ecuador Highway Maintenance Technical Assistance Project in the capacity of Highway Maintenance Engineer for a period of 28 months.
*861 Id. at 1190. As required, this court construed that clause in conjunction with the entire writing, and found that elsewhere in the confirmation letter, Mr. Deschenes was referred to as a “permanent employee” who would be entitled to certain benefits “after the first five years of service.” In the court’s view, these other terms were inconsistent with a construction of the agreement as one for twenty-eight months’ temporary employment: “We ... view the quoted language of the contract in this case as being merely language of expectation, not as a definite period of employment.” Id. at 1190. No such unequivocal language of permanent status or indefinite employment appears in the employment letter attached to the complaint herein.[8]
In summary, we hold that the trial court erred in dismissing Vienneau’s second amended complaint with prejudice. On the facts alleged, Florida law does not inexorably foreclose Vienneau’s claims. See Grappone v. City of Miami Beach; Maines v. Davis. Cf. Nunes v. Margate General Hospital.[9] We conclude that the complaint’s allegations sufficiently state a cause of action. We therefore reverse the order of dismissal and remand the cause for further proceedings.
GLICKSTEIN, J., concurs.
POLEN, J., concurs in conclusion only without opinion.

.The letter dated April 15, 1985, reads as follows:
Mr. Raoul Vienneau
421 Baie Street
Nigadoo, New Brunswick
CANADA EOB 2A0
RE: Agreement for Temporary Employment
Dear Mr. Vienneau
This letter is inteded [sic] to memoralize our agreement with regard as Sales Account Manager to your temporary employment at the Hollywood office of Metropolitan Life Insurance Company. As you are aware, once your visa has been approved by the Immigration and Naturalization Service, pursuant to the letter of clearance we have received, you will be transferred to our office to develop our business with regard to the French Canadian residents of South Florida on the following terms:
1. This transfer will be temporary in nature for a thirty-six month period commencing from the time of your visa approval.
2. That you will be transferred back to New Brunswick upon completion of your work here.
3. That your present Canadian income will be continued in U.S. dollars equivalent based *858 on your last year income it would appear to be approximately |40,000.
4. All company benefits that you are entitled to will be continued but will be changed to U.S. Benefit especially your health care package, beacause [sic] the needed coverage in the U.S. is very different than in Canada.
5. That you will be required to work, as necessary in manageing [sic] our present account and helping present accounts and helping develop our Sales force so they will be able to service such accounts in the future.
6. That you will be required to help in the training of other personnel in our office as needed with regards to the French speaking customers. .
7. That you will be required to come to the aid of other personnel in our office as needed with regards to French speaking customers account.
If you have any questions regarding these terms, please contact me at your convenience.
Sincerely,
(signed)
David A. Winkley
Branch Manager
DAW/kl
I hereby accept the above terms of employment and agree to bebin [sic] my employment based on these terms once my visa petition is approved.
(signed)
RAOUL J. VIENNEAU
Other correspondence exchanged by the parties was attached to the complaint, but it does not materially vary or add to the quoted letter.

. Initially, Vienneau also claimed that Metropolitan tortiously interfered with his business relations with the Canada company, but he abandoned this point on appeal at oral argument.

. The trial court is also required to consider the exhibits attached to and made a part of the complaint in ruling on a motion to dismiss for failure to state a cause of action. See Hitt v. North Broward Hospital District, 387 So.2d at 484; Fla.R.Civ.P. 1.130. If the facts revealed by the exhibits tire inconsistent with or negate the complaint’s material allegations, the complaint is rendered objectionable. Harry Pepper & Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla.1971). There is no inconsistency between the complaint and the employment letter attached thereto. Rather, each appears to employ interchangeably the words "temporary employment" and “transfer” when referring to Vienneau’s move to South Florida, and thus, each suffers from the same contradiction or ambiguity, with the net result that they are consistent with each other.

. In Peacock Construction Co. v. Modern Air Conditioning, Inc., 353 So.2d 840, 842 (Fla.1977), the court addressed the question of "whether ambiguous contractual provisions ... may be interpreted only by the factfinder, usually the jury, or if they should be interpreted as a matter of law by the court _” The court ruled that when an issue of contract interpretation concerns the intention of the parties, that intention may be determined from the written contract as a matter of law "when the nature of the transaction lends itself to judicial interpretation.” Id. at 842. In the court’s view, contracts between small subcontractors and general contractors on large construction projects fall in such category because, in addition to the policy considerations surrounding said transactions, the relationship of the parties is a common one and usually their intent will not differ from transaction to transaction. The Peacock ruling thus seems to have limited application.

. An "ambiguous” word or phrase in a contract has been defined as " ‘susceptible of interpretation in opposite ways’ ” or "reasonably or fairly susceptible to different constructions." Friedman v. Virginia Metal Products Corp., 56 So.2d at 517 (quoting J.E. Blank, Inc. v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862, 868 (Mo. 1943)).

. Each of the cited cases involved interpretation of an employment contract. Whenever possible, the court will give a contract a reasonable construction, one that is just and equitable to the parties. James v. Gulf Life Insurance Co., 66 So.2d 62 (Fla.1953); Bouden v. Walker, 266 So.2d at 354.

. For cases expressly approving the trial court’s consideration of evidence where contractual language is unclear and the parties urge for different interpretations of the terms, see Rock-Weld Corporation of Puerto Rico v. Roch-Weld Equipment Corp. of Florida, 184 So.2d 186, 187 (Fla. 3d DCA 1966), and Andress v. Bigman, 147 So.2d 576 (Fla. 3d DCA 1962). See also Ladd v. Amoco Oil Co., 482 So.2d 600, 601 (Fla. 4th DCA 1986) (where material issues of fact precluded final summary judgment). Cf. GAC Properties, Inc. v. Carmine, 258 So.2d 466, 467 (Fla. 3d DCA 1971).

. This court does not have the benefit of the entire Roy Jorgensen contract inasmuch as only the isolated clauses quoted herein appear in the opinion, making a meaningful comparison of both writings impossible. Admittedly, a contract is to be construed as a whole, not in isolated parts. Maines v. Davis, 491 So.2d at 1235. Furthermore, the procedural posture in which Roy Jorgensen was decided is not clearly apparent. The opinion reveals that the parties stipulated pre-trial that the court should construe the contract as a matter of law. A non-jury trial followed, resulting in a money judgment for Deschenes. Thus, whether or not used, the benefit of an entire record was available in Roy Jorgensen.
In contrast, review in this case focuses on whether the trial court should have granted a motion to dismiss for failure to state a cause of action with prejudice. In most of the cases relied on by Metropolitan, the court’s decision as to whether the employment contract provided for a definite term came at more advanced procedural stages, such as on motion for summary judgment — Buian v. J.L. Jacobs and Co., 428 F.2d 531 (7th Cir.1970); Russell & Axon v. Handshoe, 176 So.2d 909, 912 (Fla. 1st DCA 1965), motion for a directed verdict — Maguire v. American Family Life Assurance Co. of Columbus, Georgia, 442 So.2d 321 (Fla. 3d DCA 1983), or after a trial — Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla. 2d DCA 1963).

. In Grappone, the court reversed the trial court’s order dismissing Grappone’s complaint for failure to state a cause of action on the grounds that the employment contract allegedly breached by the city did provide for a definite term of employment commencing on a day certain and terminating upon a future contingent event.
In Maines, the court reversed the trial court’s judgment for the employer in the employee’s action for breach of a written employment contract, since the evidence adduced sufficiently established a definite term of employment for twelve months.
Although Nunes did not involve a written contract, this court reversed the trial court’s summary final judgment for the employer and against Nunes in his action for wrongful termination on the grounds that the question of whether Nunes’ employment was for a definite term was an issue for the trier of fact.