BARKDULL, Judge.
This is an appeal from a non-final order granting a motion to vacate a default judgment.
The action in the trial court sought damages from the appellee, pursuant to his *978 personal guarantee[1] of a five year lease agreement upon which the lessee was in default within the first year. The appellee herein was properly served with process and failed to timely answer the complaint, which resulted in the entry of a clerk’s default. After submitting an affidavit attesting to a fixed and liquidated amount owed by the appellee, the appellant obtained a final default judgment for $190,-143.54, representing the total sum resulting from an acceleration of all amounts remaining under the terms of the five year lease.
The appellee moved to vacate the default judgment alleging in part as follows:
1. The defendant was sued jointly and severally with the co-defendant, Associated Medical Health Services, Inc., for rent.
*979 2. The Complaint specifically refers to the guarantee of the defendant, Jesse Starkman.
8. The guarantee specifically limits the obligation of the defendant, Jesse Stark-man, to the first twelve (12) month period of the Lease.
4. The defendant, Jesse Starkman, was under the misapprehension that the provision of the guarantee would be followed in the entry of a final judgment.
5. Based upon the foregoing, the defendant, Jesse Starkman, did not enter an appearance in the within cause or have counsel appear on his behalf.
In response, the appellant contended the motion failed to establish the type of excusable neglect, mistake or inadvertence necessary to set aside the final judgment. Appellant also suggested that while the issue was not properly before the court on a motion to set aside a final default judgment, nevertheless, appellee’s assertion regarding the meaning of the modified language within the guaranty was incorrect. Appellant argued that the purpose of the modified language was not to limit appel-lee’s exposure to no more than twelve months’ rent, rather, it was to provide that if a default occurred during the first twelve months, the guarantor would be liable for all sums due under the lease; if the tenant committed no default during the first twelve months of the lease, the guarantor would be released. Appellant pointed out that the defaults at issue in the lawsuit, all occurred within the first twelve months of the lease, and, accordingly, the guarantor was liable for all sums due under same.
After hearing argument of counsel the trial court found:
“I have concluded that the Guarantee is not ambiguous and provides for a guarantee of rental payments for the first year only. Therefore, the Default Judgment should not have been entered upon the proof submitted against the individual Defendant for the unpaid rent for the full five year term. Pursuant to Rule 1.540 of the Florida Rule of Civil Procedure, the Judgment should be amended and corrected accordingly. Having heard argument of counsel, and having considered the memoranda of law, it is, thereupon, ordered and adjudged that Plaintiff shall submit an amended Default Final Judgment in accordance herewith.”
This appeal follows.
The appellee has affirmatively elected not to favor us with a brief. Notwithstanding, our examination of the record, and the lease agreement, leaves us to conclude that the trial court should be sustained. The lease was prepared by the lessor, and therefore ambiguity, if any, would be construed against the appellant. See MacIntyre v. Green’s Pool Service, Inc., 347 So.2d 1081 (Fla. 3d DCA 1977); American Agronomics Corporation v. Ross, 309 So.2d 582 (Fla. 3d DCA 1975); and Travelers Indemnity Co. v. Washington Federal Sav. and Loan Ass’n. of Miami Beach, 214 So.2d 492 (Fla. 3d DCA 1968). Therefore, the trial judge was correct in his ruling that individual guarantor was only personally liable for the first year’s rent and not accelerated rent for the entire term.
Affirmed.

[[Image here]]