PETERSON, Judge.
James B. Bryan, III, appeals an order dismissing with prejudice his complaint seeking damages for breach of contract against the appellees/sellers of new car dealerships and related assets. We reverse.
Bryan and the appellees executed a written agreement on December 19, 1989 (Option), in which Bryan was given a conditional right of first refusal to purchase certain new car dealerships and related assets. The written agreement acknowledged that appellees had entered into an earlier agreement (Agreement) on November 18, 1989, with A.P.A.G. Holdings, Inc., to sell the same dealerships and related assets. The Option provided that Bryan’s right-of-first refusal could not be exercised unless A.P.A.G. failed to purchase “all of the Dealerships and leases the Real Property substantially in accordance with the terms of the Agreement (without substantial modification).... ” The Option further provided that Bryan would receive a closing statement “evidencing that [A.P.A.G.’s purchase] was closed substantially in accordance with the terms” revealed earlier to Bryan.
Bryan’s complaint alleges that A.P.A.G.’s ultimate purchase of the dealerships and assets deviated substantially from the terms of the earlier Agreement and that he should have been given the option to purchase upon the terms of the later agreement between appellees and A.P.A.G. Appellees moved to dismiss the complaint, arguing that they could have breached the Option only by (1) not selling to A.P.A.G. substantially in accordance with the revealed terms and (2) then accepting an offer from a party other than A.P.A.G. without affording Bryan his right of first refusal. The trial court agreed with the appellees and held that, to state a cause of action, Bryan would have to allege first that appellees did not close on their agreement with A.P.A.G. and second that, thereafter, a bona fide offer was made by some other party, and that Bryan was not given the first right to purchase upon the same terms as the other party.
*1051 The issue before the trial court and upon this appeal is whether, under Bryan’s right of first refusal, the appellees were required to give him the right of first refusal with regard to any contract offered by A.P.A.G. that was not substantially in accordance with the Agreement. To answer the question in the negative, one must ignore the provision in Bryan’s Option that required appellees to close the transaction with A.P.A.G. under terms substantially in accordance with the Agreement and to submit to Bryan a copy of the closing statement showing that the terms of A.P.A.G.’s purchase were in substantial accordance with the Agreement. To answer in the negative would also vitiate the provisions that Bryan’s right of first refusal would be null and void if A.P.A.G. purchased the property substantially in accordance with the terms of the Agreement “without substantial modification,” and that the appel-lees would then be “free to convey the [property] to ... [A.P.A.G.].” It would also vitiate the provision that, if A.P.A.G. failed to close “substantially in accordance with the terms” of the Agreement, then Bryan is granted a right of first refusal to purchase the dealerships. We interpret Bryan’s right of first refusal to be effective with respect to offers made by parties who are not parties to the Option between appellees and Bryan. The term “third parties” was used in the Option between Bryan and appellees, and we interpret the term “third parties” to include A.P.A.G.
The trial court also held in its order of dismissal that appellees’ “sale ... to A.P.A.G. for part cash and part notes instead of all cash, is not a breach of the option agreement....” The Agreement provided that the purchase price of $7.7 million was to be paid in cash although the agreement recognized that A.P.A.G. would seek financing and seemed to allow a reasonable time to obtain it. Whether a sale for part notes and part cash is in substantial accordance with an all cash sale is here a question of fact, not of law.
Construction of written documents is the task of the trial court when the language to be interpreted is clear and unambiguous. Vienneau v. Metropolitan Life Insurance Co., 548 So.2d 856 (Fla. 4th DCA 1989). “Generally speaking, unless it clearly appears as a matter of law that a contract cannot support the action alleged, a complaint should not be dismissed on motion to dismiss for failure to state a cause of action.” Vienneau, at 860, citing Helms v. General Film Development Corp., 346 So.2d 1064 (Fla. 3d DCA 1977); Spindler v. Kushner, 284 So.2d 481 (Fla. 3d DCA 1973). See also National Council of Young Israel v. Costa, 243 So.2d 13 (Fla. 3d DCA 1971). In dismissing Bryan’s complaint, the trial court had to ignore the terms of the first refusal agreement that required a closing under terms substantially in accordance with the purchase agreement revealed to Bryan. It is a rule of construction that “[e]very provision in a contract should be given meaning and ef-fect_” Excelsior Insurance Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 (Fla.1979). In addition to this rule of construction, the several repetitions of the “substantial accordance” phrase shows an emphasis on the phrase and dictates that this provision should be given significance and should not be ignored.
Bryan’s complaint did state a cause of action, and we remand for further proceedings to include whether the terms of the ultimate purchase by A.P.A.G. were substantially in accordance with its prior purchase agreement revealed to Bryan when his first refusal agreement was executed on December 19, 1989.
REVERSED and REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.