734 So.2d 567 (1999)
DHSH CORPORATION, Appellant,
v.
AFFORDABLE ENTERPRISES EXCHANGE, INC., d/b/a Affordable Paint & Body Shop, Appellee.
No. 97-4397.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
*568 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Larry T. Schone of Perry & Schone, P.A., Delray Beach, for appellant.
Richard J. Winkis of Mierzwa & Associates, P.A., Lake Worth, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
The addendum to a commercial lease agreement contained an ambiguous renewal option provision, its several parts in hopeless and irreconcilable conflict. The tenant sought a declaratory judgment of the parties' rights. The trial court determined, under the principle of adverse construction, that the right to exercise the option belonged to the tenant, the nondrafter of the lease. We affirm.
Appellant's predecessor in title, Mr. James Davis, was one of the owners of commercial property in Delray Beach. He negotiated with Mr. Kahan, appellee's principal, for a lease on the property. Kahan proposed to use the property for an automobile paint and body shop and, because of the substantial capital investment required, wanted a seven year term with an option to renew for an additional seven year term. Davis had a concern that a business of that type might adversely affect the appearance of the property. He therefore proposed a five year term with an option to renew for another five year term. The owners' broker drafted an addendum to a commercial lease which, in addition to containing clauses requiring the tenant to keep cars stored inside at night, to clean the outside of the premises daily at noon and night, and to "run a first class operation that both Landlord and Tenant would be proud of," contained the option provision in question. It provided, in relevant part, as follows:
Landlord will grant Tenant one (1) five-year option to renew the Lease. On or before May 1, 1997, and Tenant has abided by all terms of the Lease and is not in default, Landlordat Landlord's sole option to renewshall notify Tenant if they desire to honor the option granted in this Lease. If Landlord grants Tenant said option, Tenant will give Landlord 180 days prior written notice from Lease Expiration of Tenant's intent to exercise said option.
Appellant, which subsequently bought the property from Davis, gave the tenant notice in May, 1997, of intent not to renew the lease, precipitating this suit for declaratory judgment. The tenant sought a determination that it, not the landlord, had the right to exercise the option to renew. The landlord, of course, asserted the opposite. The trial court found the option clause ambiguous and admitted extrinsic evidence to explain or clarify the parties' intent. Kahan testified concerning his need for a longer term to protect his substantial investment, the counter proposal by Davis, and his (Kahan's) understanding and intent that the right to exercise the option belonged to him; otherwise he would not have signed the lease and invested over a hundred thousand dollars in the property. Davis, as well as the broker who drafted the addendum, testified that they thought the option provision was designed to afford the landlord the option to renew only if the landlord was satisfied with the manner in which the tenant was maintaining the property. As stated by Davis, "... with the option, if we weren't satisfied that it was done in a workmanship like manner or neat manner, that it wouldn't be renewed."
The trial court concluded that the language of the option provision was in irreconcilable conflict. Relying on Vienneau v. Metropolitan Life Insurance Co., 548 So.2d 856 (Fla. 4th DCA 1989); Belen School, Inc. v. Higgins, 462 So.2d 1151 (Fla. 4th DCA 1984); and Finberg v. Herald Fire Insurance Co., 455 So.2d 462 (Fla. 3rd DCA 1984), the court construed the language of the option provision adverse to the landlord, whose broker had *569 drafted the language, and held that the tenant had the right to exercise the option to renew.
Both parties cite U.S.B. Acquisition Co. v. Stamm, 660 So.2d 1075 (Fla. 4th DCA 1995). In that case we stated the following principles of contract construction:
Every provision in a contract should be given meaning and effect and apparent inconsistencies reconciled if possible. Excelsior Ins. Co. v. Pomona Park Bar and Package Store, 369 So.2d 938, 941 (Fla.1979); Arthur Rutenberg Corp. v. Pasin, 506 So.2d 33, 34 (Fla. 4th DCA 1987). If clauses in a contract appear to be repugnant to each other, they must be given such an interpretation and construction as will reconcile them if possible. Triple E Dev. Co. v. Floridagold Citrus Corp., 51 So.2d 435, 438-39 (Fla. 1951).
Id. at 1080. Appellant argues that, contrary to those principles of construction, the court failed to properly reconcile the apparent inconsistencies in the option provision; that had it done so, it would have concluded that the option provision gave the landlord the sole discretion to decide whether it would offer the tenant an option to renew. Thus, according to appellant, the option provision is not ambiguous if one views it as follows: the first sentence grants the tenant one five year option to renew the lease; the second sentence sets forth the conditions of the option, i.e., the landlord must notify the tenant before May 1, 1997, if the landlord wants to offer the option; and the third sentence specifies that if the landlord does offer tenant the option the tenant must give the landlord written notice of intent to exercise the option 180 days before the lease expiration date. This construction of the language, says appellant, is not only reasonable but also gives effect to all of the terms, whereas the construction given by the court and advocated by appellee gives effect only to the first sentence.
As appellee points out, this "reasonable" interpretation suggested by appellant does not simply fail to reconcile all parts of the option provision, it highlights the irreconcilable nature of the conflicting language contained therein. The very first sentence, as both parties agree, grants the tenant an option to renew for a five year term,[1] a grant confirmed by the second sentence. It is hornbook law that an option is an agreement binding the optionor to perform a certain act, such as extending or renewing a lease. See 11 Fla. Jur. 2nd Contracts § 29 (1997). How, then, can it be said, as appellant so blithely argues, that the landlord having granted the option to the tenant, retains a right to decide at some later date whether it wants to "offer" the option to the tenant. That, on its face, is irreconcilable conflict.[2] Given the hopelessness of a meaningful reconciliation of the conflicting language, the court's determination is clearly justified by the adverse construction principle. See Gorman v. Kelly, 658 So.2d 1049, 1052 (Fla. 4th DCA 1995).
AFFIRMED.
DELL and STEVENSON, JJ., concur.
NOTES
[1] The precise language is "Landlord will grant Tenant one (1) five-year option to renew the Lease." Though it speaks of a five year option, and says the Landlord "will" grant, the parties agree in their respective briefs that this is a grant of an option to renew for a five year term.
[2] It is also totally illogical. If, as appellant would have it, the option provision simply means the landlord has the option, at some later time during the term of the lease, to "offer" the tenant an option to renew, then the entire provision is rendered meaningless. No lessor needs an option to grant to its tenant, at some time during the term of the lease, an option to renew. Every lessor has that right without an express provision for such in the lease. Had the court elected to do so, it could have justified its construction of the option provision simply on the basis that it was the only result that comports with logic and reason. See Royal Oak Landing v. Pelletier, 620 So.2d 786 (Fla. 4th DCA 1993).